TODD KIM
United States Department of Justice
Assistant Attorney General
Environment & Natural Resources Division

SHAUN M. PETTIGREW (CA Bar No. 254564)
Senior Trial Attorney
Natural Resources Section
c/o NOAA, Damage Assessment
7600 Sand Point Way, NE
Seattle, WA 98115
(202) 532-5973
shaun.pettigrew@usdoj.gov

JOSEPH W. CRUSHAM (CA Bar No. 324764)
Trial Attorney
Wildlife & Marine Resources Section
150 M Street, N.E.
Washington, D.C. 20002
(202) 307-1145
joseph.crusham@usdoj.gov

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA

| | | |
|---|---|---|
| ALLIANCE FOR THE WILD ROCKIES, NATIVE ECOSYSTEMS COUNSIL, YELLOWSTONE TO UINTAS CONNECTION, FRIENDS OF THE BITTERROOT, and WILDEARTH GUARDIANS, | ) ) ) ) ) ) | Case No. 9:24-cv-00010-DLC-KLD |
| Plaintiffs, | ) ) | ANSWER |
| v. | ) ) | |
| TOM VILSACK, in his official capacity as Secretary of the Department of Agriculture, | ) ) | |

RANDY MOORE, in his official capacity )
as Chief of the Forest Service; MATTHEW )
ANDERSON, in his official capacity as the )
Bitterroot National Forest Supervisor; )
DAN PLILEY, in his official capacity as )
the West Fork District Ranger; UNITED )
STATES FOREST SERVICE, and )
UNITED STATES FISH AND WILDLIFE )
SERVICE, )
                                            )
            Defendants. )
_____ )

    Defendants hereby respond to the allegations in Plaintiffs' Complaint (ECF

No. 1) in the above-captioned case.  The numbered paragraphs in this Answer

correspond to the numbered paragraphs in the Complaint.

## "INTRODUCTION"[1]

    1.    The allegations in this paragraph contain Plaintiffs' characterization of

the case to which no response is required.

    2.    Defendants deny the allegations in this paragraph that the Forest

Service approved the Mud Creek Vegetation Management Project (Project) in

violation of the National Environmental Policy Act (NEPA).  The remaining

allegations in this paragraph purport to characterize the Decision Notice and

---

[1] The headings here correspond to the headings in the Complaint.  Defendants
include them strictly to provide convenient reference to the Complaint and do not
intend them to form any substantive part of Defendants' Answer.  To the extent the
Complaint headings make substantive allegations, Defendants deny those
allegations.

Finding of No Significant Impact (DN/FONSI) approving the Project, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the DN/FONSI, the allegations are denied.

3.      The allegations in this paragraph, including the figure, purport to characterize the DN/FONSI, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the DN/FONSI, the allegations are denied.

4.      The allegations in this paragraph, including the figure, purport to characterize the final Environmental Assessment (EA) for the Project, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the EA, the allegations are denied.

5.      The allegations in this paragraph purport to characterize the EA and DN/FONSI, which speak for themselves and are the best evidence of their content. To the extent the allegations in this paragraph are inconsistent with the EA and DN/FONSI, the allegations are denied.

6.      The allegations in this paragraph purport to characterize the EA, which speaks for itself and is the best evidence of its content.  To the extent the

2

allegations in this paragraph are inconsistent with the EA, the allegations are denied.

7.     Defendants deny the allegations in this paragraph.

8.     The allegations in this paragraph purport to characterize the EA and DN/FONSI, which speak for themselves and are the best evidence of their content. To the extent the allegations in this paragraph are inconsistent with the EA and DN/FONSI, the allegations are denied.

9.     Defendants deny the allegations in this paragraph.

10.     Defendants admit the allegations in the first sentence of this paragraph.  The allegations in the second sentence purport to characterize the Forest Service's March 19, 2021 Fisheries Biological Assessment and Evaluation (Fisheries BA) and Fish and Wildlife's December 30, 2022 Bull Trout Biological Opinion (Bull Trout BiOp), both of which speak for themselves and are the best evidence of their contents.  To the extent the allegations in the second sentence of this paragraph are inconsistent with the Fisheries BA or Bull Trout BiOp, the allegations are denied.

11.     The allegations in the first sentence of this paragraph purport to characterize the DN/FONSI, which speaks for itself and is the best evidence of its content.  To the extent the allegations in the first sentence of this paragraph are

inconsistent with the DN/FONSI, the allegations are denied.  Defendants deny the allegations in the second sentence of this paragraph.

12.     Defendants admit the allegations in the first sentence of this paragraph.  The allegations in the second sentence of this paragraph purport to characterize the Biological Assessment for Whitebark Pine dated June 15, 2021 (2021 Whitebark Pine BA), which speaks for itself and is the best evidence of its content.  To the extent the allegations in the second sentence of this paragraph are inconsistent with the 2021 Whitebark Pine BA, the allegations are denied.

13.     Defendants admit that the Forest Service has reinitiated consultation with Fish and Wildlife Service under the Endangered Species Act (ESA) regarding the potential effects of the Project on whitebark pine.  The remaining allegations in this paragraph purport to characterize a May 18, 2023 letter sent by the Forest Service in response to a notice of intent to sue (NOI) dated March 21, 2023, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the Forest Service's May 18, 2023 letter, the allegations are denied.

## **"JURISDICTION, RIGHT OF ACTION AND VENUE"**

14.     The allegations in this paragraph constitute conclusions of law to which no response is required.

15.     The allegations in this paragraph constitute conclusions of law to which no response is required.

16.     The allegations in this paragraph constitute conclusions of law to which no response is required.

17.     The allegations in the first sentence of this paragraph constitute conclusions of law to which no response is required.  Defendants deny the allegations in the second sentence of this paragraph.

18.     Defendants deny the allegations in this paragraph.

19.     The allegations in this paragraph purport to characterize objections dated August 21, 2021, and August 23, 2021, which speak for themselves and are the best evidence of their content.  To the extent the allegations in this paragraph are inconsistent with those objections, the allegations are denied.

20.     The allegations in this paragraph are vague and ambiguous and therefore Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

21.     The allegations in the first sentence of this paragraph purport to characterize an NOI dated March 21, 2023, which speaks for itself and is the best evidence of its content.  To the extent the allegations in the first sentence of this paragraph are inconsistent with the NOI, the allegations are denied.  The

allegations in the second sentence of this paragraph constitute conclusions of law to which no response is required.

22.    Defendants deny the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph constitute conclusions of law to which no response is required.

23.    Defendants admit the allegations in this paragraph that more than sixty days have passed since the March 21, 2023 NOI was received by Defendants. Defendants deny the remaining allegations in this paragraph.

24.    The allegations in this paragraph constitute conclusions of law to which no response is required.

25.    The allegations in this paragraph constitute conclusions of law to which no response is required.

### "PARTIES"

26.    Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

27.    Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

28.     Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

29.     Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

30.     Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

31.     Defendants admit the allegations in the first two sentences of this paragraph.  Defendants admit the allegations in the third sentence of this paragraph that the Forest Service prepared the EA and DN/FONSI.  Defendants deny the remaining allegations in the third sentence of this paragraph.

32.     Defendants admit the allegations in this paragraph.

33.     Defendants admit the allegations in this paragraph.

34.     Defendants admit the allegations in this paragraph.

35.     Defendants admit the allegations in this paragraph.

36.     Defendants admit the allegations in this paragraph.

## "STATUTORY FRAMEWORK"
### "*The National Environmental Policy Act*"

37.    The allegations in this paragraph purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their content.  To the extent the allegations in this paragraph are inconsistent with NEPA's implementing regulations, the allegations are denied.

38.    The allegations in this paragraph purport to characterize NEPA, which speaks for itself and is the best evidence of their content.  To the extent the allegations in this paragraph are inconsistent with NEPA, the allegations are denied.

39.    The allegations in this paragraph purport to characterize case law, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the case law, the allegations are denied.

40.    The allegations in this paragraph purport to characterize NEPA, NEPA's implementing regulations, and case law, which speak for themselves and are the best evidence of their content.  To the extent the allegations in this paragraph are inconsistent with NEPA, NEPA's implementing regulations, and case law, the allegations are denied.

41.    The allegations in this paragraph purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of

their content.  To the extent the allegations in this paragraph are inconsistent with NEPA's implementing regulations, the allegations are denied.

42.     The allegations in this paragraph purport to characterize NEPA, which speaks for itself and is the best evidence of their content.  To the extent the allegations in this paragraph are inconsistent with NEPA, the allegations are denied.

43.     The allegations in this paragraph purport to characterize NEPA's implementing regulations and case law, which speak for themselves and are the best evidence of their content.  To the extent the allegations in this paragraph are inconsistent with NEPA's implementing regulations and case law, the allegations are denied.

44.     The allegations in this paragraph purport to characterize case law, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the case law, the allegations are denied.

45.     The allegations in this paragraph purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their content.  To the extent the allegations in this paragraph are inconsistent with NEPA's implementing regulations, the allegations are denied.

46.     The allegations in this paragraph purport to characterize NEPA, which speaks for itself and is the best evidence of their content.  To the extent the allegations in this paragraph are inconsistent with NEPA, the allegations are denied.

"<em>The Administrative Procedure Act</em>"

47.     The allegations in this paragraph purport to characterize the Administrative Procedure Act (APA), which speaks for itself and is the best evidence of their content.  To the extent the allegations in this paragraph are inconsistent with the APA, the allegations are denied.

48.     The allegations in this paragraph purport to characterize the APA and case law, which speak for themselves and are the best evidence of their content.  To the extent the allegations in this paragraph are inconsistent with the APA and case law, the allegations are denied.

49.     The allegations in this paragraph purport to characterize case law, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the case law, the allegations are denied.

"<em>The Endangered Species Act</em>"

50.     The allegations in this paragraph purport to characterize the ESA, which speaks for itself and is the best evidence of its content.  To the extent the

allegations in this paragraph are inconsistent with the ESA, the allegations are denied.

51.     The allegations in this paragraph purport to characterize the ESA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the ESA, the allegations are denied.

52.     The allegations in this paragraph purport to characterize the ESA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the ESA, the allegations are denied.

53.     The allegations in this paragraph purport to characterize the ESA's implementing regulations, which speaks for themselves and are the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the ESA's implementing regulations, the allegations are denied.

54.     The allegations in this paragraph purport to characterize the ESA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the ESA, the allegations are denied.

"*National Forest Management Act*"

55.     The allegations in this paragraph purport to characterize the National Forest Management Act of 1976 (NFMA), which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with NFMA, the allegations are denied.

56.     The allegations in this paragraph purport to characterize NFMA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with NFMA, the allegations are denied.

57.     The allegations in this paragraph purport to characterize NFMA's implementing regulations, which speaks for themselves and are the best evidence of their content.  To the extent the allegations in this paragraph are inconsistent with NFMA's implementing regulations, the allegations are denied.

58.     The allegations in this paragraph purport to characterize NFMA's implementing regulations, which speaks for themselves and are the best evidence of their content.  To the extent the allegations in this paragraph are inconsistent with NFMA's implementing regulations, the allegations are denied.

59.     The allegations in this paragraph purport to characterize NFMA's implementing regulations, which speaks for themselves and are the best evidence

of their content.  To the extent the allegations in this paragraph are inconsistent with NFMA's implementing regulations, the allegations are denied.

## "STATEMENT OF FACTS"
### "*Mud Creek Project*"

60.     Defendants admit the allegations in this paragraph.

61.     The allegations in this paragraph purport to characterize the EA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the EA, the allegations are denied.

62.     The allegations in this paragraph purport to characterize the EA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the EA, the allegations are denied.

63.     The allegations in this paragraph purport to characterize the EA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the EA, the allegations are denied.

64.     The allegations in this paragraph purport to characterize the EA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the EA, the allegations are denied.

65.     The allegations in this paragraph purport to characterize the EA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the EA, the allegations are denied.

66.     Defendants deny the allegations in this paragraph.

67.     The allegations in this paragraph purport to characterize the EA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the EA, the allegations are denied.

68.     Defendants deny the allegations in this paragraph.

69.     The allegations in this paragraph, including footnote 1, purport to characterize the EA and DN/FONSI, which speak for themselves and are the best evidence of their content.  To the extent the allegations in this paragraph are inconsistent with the EA and DN/FONSI, the allegations are denied.

70.     The allegations in this paragraph purport to characterize the EA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the EA, the allegations are denied.

71.     The allegations in this paragraph purport to characterize the EA, which speaks for itself and is the best evidence of its content.  To the extent the

allegations in this paragraph are inconsistent with the EA, the allegations are denied.

72.     The allegations in this paragraph purport to characterize the EA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the EA, the allegations are denied.

73.     The allegations in this paragraph purport to characterize the EA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the EA, the allegations are denied.

74.     The allegations in this paragraph purport to characterize the EA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the EA, the allegations are denied.

75.     The allegations in this paragraph purport to characterize the EA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the EA, the allegations are denied.

76.     The allegations in the first clause of this paragraph purport to characterize the EA, which speaks for itself and is the best evidence of its content.

To the extent the allegations in the first clause of this paragraph are inconsistent with the EA, the allegations are denied. Defendants deny the remaining allegations in this paragraph.

77.     Defendants deny the allegations in this paragraph.

78.     Defendants deny the allegations in this paragraph.

79.     Defendants deny the allegations in this paragraph.

80.     Defendants admit the allegations in this paragraph that whitebark pine, bull trout, and bull trout critical habitat exist within the Project area. Defendants deny the remaining allegations in this paragraph.

"<em>Bitterroot National Forest and Forest Plan</em>"

81.     Defendants deny the allegations in this paragraph that the Bitterroot National Forest (Forest) is located 40 miles south of Hamilton, Montana. Defendants admit the remaining allegations in this paragraph.

82.     The allegations in this paragraph are vague and ambiguous and therefore Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

83.     The allegations in this paragraph are vague and ambiguous and therefore Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

84.    Defendants admit the allegations in this paragraph that the Record of Decision for the Bitterroot National Forest Plan (Forest Plan) issued in September 1987.  The remaining allegations in this paragraph purport to characterize the Forest Plan, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the Forest Plan, the allegations are denied.

85.    The allegations in this paragraph purport to characterize the Forest Plan, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the Forest Plan, the allegations are denied.

86.    The allegations in this paragraph purport to characterize the Forest Plan, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the Forest Plan, the allegations are denied.

87.    The allegations in this paragraph purport to characterize the Wildlife Report, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the Wildlife Report, the allegations are denied.

88.    The allegations in this paragraph purport to characterize a document, which speaks for itself and is the best evidence of its content.  To the extent the

allegations in this paragraph are inconsistent with that document, the allegations are denied.

89.    The allegations in this paragraph are vague and ambiguous and therefore Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

90.    The allegations in this paragraph purport to characterize case law, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the case law, the allegations are denied.

*"Bitterroot National Forest Plan Amendments"*

91.    The allegations in this paragraph purport to characterize the DN/FONSI and EA, which speak for themselves and are the best evidence of their content.  To the extent the allegations in this paragraph are inconsistent with the DN/FONSI and EA, the allegations are denied.

*"Old Growth"*

92.    The allegations in this paragraph purport to characterize the Revised Forest Vegetation/Silviculture Report (Vegetation Report), which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the Vegetation Report, the allegations are denied.

93.     The allegations in this paragraph purport to characterize the Vegetation Report, which speaks for itself and is the best evidence of its content. To the extent the allegations in this paragraph are inconsistent with the Vegetation Report, the allegations are denied.

94.     The allegations in this paragraph purport to characterize the Forest Plan, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the Forest Plan, the allegations are denied.

95.     The allegations in this paragraph purport to characterize the Forest Plan, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the Forest Plan, the allegations are denied.

96.     The allegations in this paragraph purport to characterize the Forest Plan, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the Forest Plan, the allegations are denied.

97.     The allegations in this paragraph purport to characterize the Forest Plan, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the Forest Plan, the allegations are denied.

98.    The allegations in this paragraph purport to characterize the Forest Plan, which speaks for itself and is the best evidence of its content. To the extent the allegations in this paragraph are inconsistent with the Forest Plan, the allegations are denied.

99.    The allegations in this paragraph purport to characterize the Forest Plan, which speaks for itself and is the best evidence of its content. To the extent the allegations in this paragraph are inconsistent with the Forest Plan, the allegations are denied.

100.    The allegations in this paragraph purport to characterize the Forest Plan, which speaks for itself and is the best evidence of its content. To the extent the allegations in this paragraph are inconsistent with the Forest Plan, the allegations are denied.

101.    The allegations in this paragraph purport to characterize the Forest Plan, which speaks for itself and is the best evidence of its content. To the extent the allegations in this paragraph are inconsistent with the Forest Plan, the allegations are denied.

102.    Defendants deny the allegations in this paragraph.

103.    The allegations in this paragraph purport to characterize the EA, which speaks for itself and is the best evidence of its content. To the extent the

allegations in this paragraph are inconsistent with the EA, the allegations are denied.

104.   The allegations in this paragraph purport to characterize the EA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the EA, the allegations are denied.

105.   The allegations in this paragraph purport to characterize the EA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the EA, the allegations are denied.

106.   Defendants deny the allegations in this paragraph.

107.   The allegations in this paragraph purport to characterize the EA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the EA, the allegations are denied.

108.   The allegations in this paragraph purport to characterize the EA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the EA, the allegations are denied.

109.   The allegations in this paragraph purport to characterize the DN/FONSI, EA, and supporting reports which speaks for themselves and are the best evidence of their content.  To the extent the allegations in this paragraph are inconsistent with the DN/FONSI, EA, and supporting reports, the allegations are denied.

110.   The allegations in this paragraph purport to characterize the DN/FONSI, EA, and supporting reports which speaks for themselves and are the best evidence of their content.  To the extent the allegations in this paragraph are inconsistent with the DN/FONSI, EA, and supporting reports, the allegations are denied.

111.   The allegations in this paragraph purport to characterize the DN/FONSI, EA, and supporting reports which speaks for themselves and are the best evidence of their content.  To the extent the allegations in this paragraph are inconsistent with the DN/FONSI, EA, and supporting reports, the allegations are denied.

112.   The allegations in this paragraph purport to characterize the DN/FONSI, EA, and supporting reports which speaks for themselves and are the best evidence of their content.  To the extent the allegations in this paragraph are inconsistent with the DN/FONSI, EA, and supporting reports, the allegations are denied.

113.   Defendants deny the allegations in this paragraph.

114.   Defendants deny the allegations in this paragraph.

"*Bull Trout and Bull Trout Critical Habitat*"

115.   Defendants admit the allegations in the first sentence of this paragraph.  The second sentence of this paragraph purports to characterize the Fisheries BA and Bull Trout BiOp, both of which speak for themselves and are the best evidence of their contents.  To the extent the allegations in the second sentence of this paragraph are inconsistent with the Fisheries BA or Bull Trout BiOp, the allegations are denied.

116.   The allegations of this paragraph purport to characterize the Fisheries BA and Bull Trout BiOp, both of which speak for themselves and are the best evidence of their contents.  To the extent the allegations in this paragraph are inconsistent with the Fisheries BA or Bull Trout BiOp, the allegations are denied.

117.   The allegations of this paragraph purport to characterize the Fisheries BA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the Fisheries BA, the allegations are denied.

118.   The allegations of this paragraph purport to characterize the Fisheries BA and Bull Trout BiOp, both of which speak for themselves and are the best

evidence of their contents.  To the extent the allegations in this paragraph are inconsistent with the Fisheries BA or Bull Trout BiOp, the allegations are denied.

119.   The allegations of this paragraph purport to characterize the EA, Fisheries BA, and Bull Trout BiOp, all of which speak for themselves and are the best evidence of their contents.  To the extent the allegations in this paragraph are inconsistent with these documents, the allegations are denied.

120.   The allegations of this paragraph purport to characterize the Fisheries BA and Bull Trout BiOp, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in this paragraph are inconsistent with the Fisheries BA or Bull Trout BiOp, the allegations are denied.

121.   The allegations of this paragraph purport to characterize the Fisheries BA and Bull Trout BiOp, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in this paragraph are inconsistent with the Fisheries BA or Bull Trout BiOp, the allegations are denied.

122.   The allegations of this paragraph purport to characterize the Fisheries BA and Bull Trout BiOp, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in this paragraph are inconsistent with the Fisheries BA or Bull Trout BiOp, the allegations are denied.

123.   The allegations of this paragraph purport to characterize the Bull Trout BiOp, which speaks for itself and is the best evidence of its contents.  To the

extent the allegations in this paragraph are inconsistent with Bull Trout BiOp, the allegations are denied.

124.   The allegations of this paragraph purport to characterize the Bull Trout BiOp, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with Bull Trout BiOp, the allegations are denied.

125.   Defendants admit the allegations in this paragraph.

126.   The allegations in this paragraph purport to characterize a report titled Conservation Strategy for Bull Trout of the USFS Lands in Western Montana (Conservation Report), which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the Conservation Report, the allegations are denied.

127.   The allegations in this paragraph, including the figures, purport to characterize the Conservation Report, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the Conservation Report, the allegations are denied.

128.   The allegations of this paragraph purport to characterize the EA, Fisheries BA, and Bull Trout BiOp, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in this paragraph are inconsistent with these documents, the allegations are denied.

129.   The allegations of this paragraph purport to characterize the EA, Fisheries BA, and Bull Trout BiOp, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in this paragraph are inconsistent with these documents, the allegations are denied.

130.   Defendants deny the allegations in this paragraph.

131.   Defendants deny the allegations in this paragraph.

132.   The allegations of this paragraph purport to characterize the Conservation Strategy, which speaks for itself and is the best evidence of its contents.  To the extent the allegations in this paragraph are inconsistent with the Conservation Strategy, the allegations are denied.

133.   The allegations in the first sentence of this paragraph purport to characterize the Fisheries BA and Bull Trout BiOp, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in the first sentence of this paragraph are inconsistent with the Fisheries BA or Bull Trout BiOp, the allegations are denied. The allegations in the second sentence of this paragraph are vague and ambiguous and therefore Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

134.   The allegations of this paragraph purport to characterize the Fisheries BA, Bull Trout BiOp, and Conservation Strategy, which speak for themselves and

are the best evidence of their contents.  To the extent the allegations in this

paragraph are inconsistent with these documents, the allegations are denied.

135.   Defendants deny the allegations in this paragraph.

136.   The allegations of this paragraph purport to characterize the Bull

Trout BiOp, which speaks for itself and is the best evidence of its content.  To the

extent the allegations in this paragraph are inconsistent with the Bull Trout BiOp,

the allegations are denied.

137.   Defendants deny the allegations in this first sentence of this

paragraph.  The allegations in the second sentence of this this paragraph purport to

characterize the Bull Trout BiOp, which speaks for itself and is the best evidence

of its content.  To the extent allegations in the second sentence of this paragraph

are inconsistent with the Bull Trout BiOp, the allegations are denied. Defendants

deny the allegations in the third sentence of this paragraph.

138.   The allegations in this paragraph purport to characterize the Bull

Trout BiOp, which speaks for itself and is the best evidence of its contents.  To the

extent allegations in this paragraph are inconsistent with the Bull Trout BiOp, the

allegations are denied.

139.   Defendants deny the allegations in this paragraph.

140.   Defendants deny the allegations in this paragraph.

141.   Defendants deny the allegations in this paragraph.

142.   Defendants deny the allegations in this paragraph.

143.   Defendants deny the allegations in this paragraph.

144.   The allegations in this paragraph purport to characterize the Fisheries BA, which speaks for itself and is the best evidence of its content.  To the extent allegations in this paragraph are inconsistent with the Fisheries BA, the allegations are denied.

145.   The allegations in the first sentence of this paragraph purport to characterize the Fisheries BA and Bull Trout BiOp, which speak for themselves and are the best evidence of their content.  To the extent the allegations in the first sentence of this paragraph are inconsistent with the Fisheries BA and BiOp, the allegations are denied.  Defendants deny the allegations in the second and third sentences of this paragraph.

146.   The allegations in this paragraph purport to characterize the Fisheries BA, which speak for itself and is the best evidence of its content.  To the extent allegations in this paragraph are inconsistent with the Fisheries BA, the allegations are denied.

147.   The allegations in the first sentence of this paragraph purport to characterize monitoring reports, which speak for themselves and are the best evidence of their content.  To the extent the allegations in the first sentence of this paragraph are inconsistent with the monitoring, the allegations are denied.

Defendants deny the allegations in the second and third sentences of this paragraph.

148.   Defendants deny the first sentence of this paragraph. The allegations in the second sentence of this paragraph purport to characterize the ESA's implementing regulations, which speak for themselves and are the best evidence of their content. To the extent the allegations in the second sentence are inconsistent with the ESA's implementing regulations, the allegations are denied. Defendants deny the remaining allegations of this paragraph.

149.   The allegations in this paragraph purport to characterize the Bull Trout BiOp, which speaks for itself and is the best evidence of its content. To the extent the allegations in this paragraph are inconsistent with the Bull Trout BiOp, the allegations are denied.

150.   The allegations in this paragraph purport to characterize the Fisheries BA and Bull Trout BiOp, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in this paragraph are inconsistent with the Fisheries BA or Bull Trout BiOp, the allegations are denied.

151.   The allegations in this paragraph purport to characterize Fish and Wildlife's Revised Designation of Critical Habitat for Bull Trout in the Coterminous United States, 75 Fed. Reg. 63898 (Oct. 18, 2010), which speaks for

itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with that document, the allegations are denied.

"*Whitebark Pine*"

152.   Defendants admit the allegations in the first sentence of this paragraph. Defendants admit that Fish and Wildlife concurred with the Forest Service's no jeopardy determination on December 30, 2022, and that whitebark pine was listed as threatened on January 17, 2023.  The remaining allegations in this paragraph are denied.

153.   The allegations in this paragraph purport to characterize a May 18, 2023 NOI response letter sent by the Forest Service, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the Forest Service's May 18, 2023 letter, the allegations are denied.

154.   The allegations in the first two sentences of this paragraph purport to characterize the 2021 Whitebark Pine BA, which speaks for itself and is the best evidence of its content. To the extent the allegations in the first two sentences of this paragraph are inconsistent with the 2021 Whitebark Pine BA, the allegations are denied. The allegations in the third sentence of this paragraph purport to characterize unidentified "Project documents," which speak for themselves and are the best evidence of their content.  To the extent allegations in the third sentence of

this paragraph are inconsistent with the unidentified "Project documents," the allegations are denied.

155.   The allegations in this paragraph purport to characterize the EA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the EA, the allegations are denied.

156.   The allegations in this paragraph purport to characterize the EA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the EA, the allegations are denied.

157.   The allegations in this paragraph purport to characterize Fish and Wildlife Service's listing decision for whitebark pine, which speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the listing decision, the allegations are denied.

158.   The allegations in the first sentence of this paragraph purport to characterize the 2021 Whitebark Pine BA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the first sentence of this paragraph are inconsistent with the 2021 Whitebark Pine BA, the allegations are denied. Defendants deny the remaining allegations in this paragraph.

159.   The allegations in this paragraph purport to characterize the 2021 Whitebark Pine BA, which speaks for itself and is the best evidence of its contents. To the extent the allegations of this paragraph are inconsistent with the 2021 Whitebark Pine BA, the allegations are denied.

160.   The allegations in this paragraph purport to characterize the 2021 Whitebark Pine BA, which speaks for itself and is the best evidence of its contents. To the extent the allegations of this paragraph are inconsistent with the 2021 Whitebark Pine BA, the allegations are denied.

161.   Defendants deny the allegations in this paragraph.

162.   Defendants deny the allegations in this paragraph.

"<em>Climate Impacts</em>"

163.   The allegations in this paragraph purport to characterize unidentified "climate impacts reports," which speak for themselves and are the best evidence of their content.  To the extent the allegations in this paragraph are inconsistent with the unidentified "climate impacts reports," the allegations are denied.

164.   The allegations in this paragraph purport to characterize the EA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the EA, the allegations are denied.

165.   The allegations in this paragraph purport to characterize the Forest Carbon Assessment for the Bitterroot National Forest (Carbon Assessment), which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the Carbon Assessment, the allegations are denied.

166.   The allegations in this paragraph purport to characterize unidentified record documents, which speak for themselves and are the best evidence of their content.  To the extent the allegations in this paragraph are inconsistent with those documents, the allegations are denied.

167.   The allegations in this paragraph purport to characterize the EA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the EA, the allegations are denied.

168.   The allegations in this paragraph purport to characterize the EA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the EA, the allegations are denied.

## "FIRST CLAIM FOR RELIEF"

*"USFS's failure to disclose and consider all environmental impacts of the Project, as well as its failure to provide support for a change in position, is arbitrary, capricious, and contrary to law, in violation of NEPA and the APA"*

169.   Defendants restate and incorporate by reference their response to all preceding paragraphs.

170.   The allegations in this paragraph purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their content.  To the extent the allegations in this paragraph are inconsistent with NEPA's implementing regulations, the allegations are denied.

171.   The allegations in this paragraph purport to characterize case law, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the case law, the allegations are denied.

172.   The allegations in this paragraph purport to characterize NEPA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with NEPA, the allegations are denied.

173.   Defendants deny the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph purport to characterize the EA, which speaks for itself and is the best evidence of its content.  To the extent

the allegations in the second sentence of this paragraph are inconsistent with the EA, the allegations are denied.

174.   The allegations in this paragraph purport to characterize the EA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the EA, the allegations are denied.

175.   Defendants deny the allegations in this paragraph.

176.   Defendants deny the allegations in this paragraph.

## "SECOND CLAIM FOR RELIEF"

*"USFS's failure to prepare an environmental impact statement violates NEPA, NFMA, and the APA"*

177.   Defendants restate and incorporate by reference their response to all preceding paragraphs.

178.   The allegations in this paragraph purport to characterize NEPA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with NEPA, the allegations are denied.

179.   The allegations in this paragraph purport to characterize NEPA and case law, which speak for themselves and are the best evidence of their content. To the extent the allegations in this paragraph are inconsistent with NEPA and case law, the allegations are denied.

180.   The allegations in this paragraph purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their content.  To the extent the allegations in this paragraph are inconsistent with NEPA's implementing regulations, the allegations are denied.

181.   Defendants deny the allegations in this paragraph.

182.   The allegations in the first sentence of this paragraph purport to characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their content.  To the extent the allegations in the first sentence of this paragraph are inconsistent with NEPA's implementing regulations, the allegations are denied.  Defendants deny the allegations in the second and third sentences of this paragraph.

183.   The allegations in this paragraph purport to characterize the DN/FONSI, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the DN/FONSI, the allegations are denied.

184.   Defendants deny the allegations in this paragraph.

185.   The allegations in this paragraph purport to characterize NFMA's implementing regulations, which speak for themselves and are the best evidence of their content.  To the extent the allegations in this paragraph are inconsistent with NFMA's implementing regulations, the allegations are denied.

186.   The allegations in this paragraph purport to characterize case law, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the case law, the allegations are denied.

187.   Defendants deny the allegations in this paragraph.

188.   Defendants deny the allegations in this paragraph.

### "THIRD CLAIM FOR RELIEF"

*"The Forest Service's failure to use the Forest Plan definition of old growth, and consequential failures to demonstrate compliance with the Forest Plan old growth standard for retention and viability, violate NFMA, NEPA, and the APA"*

189.   Defendants restate and incorporate by reference their response to all preceding paragraphs.

190.   The allegations in this paragraph purport to characterize the Forest Plan, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the Forest Plan, the allegations are denied.

191.   Defendants deny the allegations in this paragraph.

192.   Defendants deny the allegations in this paragraph.

193.   The allegations in this paragraph purport to characterize the DN/FONSI, EA, and supporting reports which speaks for themselves and are the best evidence of their content.  To the extent the allegations in this paragraph are

inconsistent with the DN/FONSI, EA, and supporting reports, the allegations are denied.

194.   Defendants deny the allegations in this paragraph.

195.   Defendants deny the allegations in this paragraph.

196.   Defendants deny the allegations in this paragraph.

## "FOURTH CLAIM FOR RELIEF"
*"USFS violated NEPA when it failed to take a hard look at climate impacts"*

197.   Defendants restate and incorporate by reference their response to all preceding paragraphs.

198.   The allegations in this paragraph purport to characterize NEPA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with NEPA, the allegations are denied.

199.   Defendants deny the allegations in this paragraph.

200.   Defendants deny the allegations in this paragraph.

201.   Defendants deny the allegations in this paragraph.

## "FIFTH CLAIM FOR RELIEF"
*"USFS's failure to disclose and take a hard look at impacts to bull trout, including from climate change and additional sedimentation from off-road vehicles, as well as FWS's reliance on the same failures in creating its incidental take statement, are arbitrary, capricious, and contrary to law, which violates the ESA"*

202.   Defendants restate and incorporate by reference their response to all preceding paragraphs.

203.   The allegations in this paragraph contain Plaintiffs' characterization of its claim to which no response is required.

204.   The allegations in this paragraph purport to characterize the ESA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the ESA, the allegations are denied.

205.   The allegations in this paragraph purport to characterize the ESA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the ESA, the allegations are denied.

206.   Defendants deny the allegations in this paragraph.

207.   Defendants deny the allegations in this paragraph.

208.   Defendants deny the allegations in the first sentence of this paragraph. The allegations in the second and third sentences of this paragraph purport to characterize the Bull Trout BiOp and Fisheries BA, which speaks for themselves and are the best evidence of their contents. To the extent the allegations of the second and third sentence of this paragraph are inconsistent with the Bull Trout BiOp or Fisheries BA, the allegations are denied.

209.   The allegations of this paragraph purport to characterize the Bull Trout BiOp and Fisheries BA, which speaks for themselves and are the best

evidence of their contents. To the extent the allegations of this paragraph are inconsistent with the Bull Trout BiOp or Fisheries BA, the allegations are denied.

210.   Defendants deny the allegations in this paragraph.

211.   The allegations of this paragraph purport to characterize the Bull Trout BiOp, Fisheries BA and DN/FONSI, which speaks for themselves and are the best evidence of their contents. To the extent the allegations of the second and third sentence of this paragraph are inconsistent with any of these documents, the allegations are denied.

212.   Defendants deny the allegations in this paragraph.

213.   Defendants deny the allegations in this paragraph.

**"SIXTH CLAIM FOR RELIEF"**
*"USFS's failure to complete consultation prior to commencing action on the Project and consider all impacts to white bark pine, including from climate change, violate the ESA"*

214.   Defendants restate and incorporate by reference their response to all preceding paragraphs.

215.   The allegations in this paragraph contain Plaintiffs' characterization of its claim to which no response is required.

216.   The allegations in this paragraph purport to characterize the ESA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the ESA, the allegations are denied.

217.   The allegations in this paragraph purport to characterize the ESA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the ESA, the allegations are denied.

218.   The allegations in this paragraph purport to characterize the ESA, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the ESA, the allegations are denied.

219.   Defendants admit that the Forest Service has reinitiated consultation with Fish and Wildlife Service under the ESA regarding the potential effects of the Project on whitebark pine. Defendants deny the remaining allegations in the first sentence of this paragraph.  The allegations in the second sentence of this paragraph purport to characterize the DN/FONSI and a May 18, 2023 NOI response letter sent by the Forest Service, which speaks for itself and is the best evidence of its content.  To the extent the allegations in this paragraph are inconsistent with the DN/FONSI or May 18, 2023 letter, the allegations are denied.

220.   Defendants deny the allegations in this paragraph.

221.   Defendants deny the allegations in this paragraph.

222.   Defendants deny the allegations in this paragraph.

## "PRAYER FOR RELIEF"

The allegations in this paragraph, including subparagraphs A-I, contain Plaintiffs' requested relief to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph, including subparagraphs A-I, and denies that Plaintiffs are entitled to any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied herein.

## AFFIRMATIVE DEFENSES

Defendants reserve their right to assert additional affirmative defenses during the course of this litigation.

WHEREFORE, Defendants request that the Court dismiss the Complaint in its entirety, render judgment for Defendants and against Plaintiffs, and grant Defendants any further relief that the nature of the case and justice require.

Respectfully submitted on this 21st day of March, 2024.

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

*/s/ Shaun M. Pettigrew*
SHAUN M. PETTIGREW
Senior Trial Attorney, CA Bar No. 254564
c/o NOAA Damage Assessment
7600 Sand Point Way, NE
Seattle, WA 98115
(202) 532-5973
shaun.pettigrew@usdoj.gov

JOSEPH W. CRUSHAM
Trial Attorney, CA Bar No. 324764
Wildlife & Marine Resources Section
150 M Street, N.E.
Washington, D.C. 20002
(202) 307-1145
joseph.crusham@usdoj.gov

*Attorneys for Defendants*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which will provide service to counsel for the parties.

<u>/s/ *Shaun M. Pettigrew*   </u>
Shaun M. Pettigrew
*Attorney for Defendant*