IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES; NATIVE ECOSYSTEMS COUNCIL; YELLOWSTONE TO UINTAS CONNECTION; FRIENDS OF THE BITTERROT; and WILDEARTH GUARDIANS, | CV 24–10–M–DLC–KLD<br><br>ORDER |
| Plaintiffs, | |
| vs. | |
| TOM VILSACK, in his official capacity as Secretary of the Department of Agriculture; RANDY MOORE, in his official capacity as Chief of the Forest Service; MATTHEW ANDERSON, in his official capacity as the Bitterroot National Forest Supervisor; DAN PLILEY, in his official capacity as the West Fork District Ranger; UNITED STATES FOREST SERVICE; and UNITED STATES FISH AND WILDLIFE SERVICE, | |
| Defendants, | |
| RAVALLI COUNTY, MONTANA | |
| Defendant-Intervenor. | |

This matter comes before the Court on an Unopposed Motion to Intervene filed by Ravalli County, Montana ("Ravalli County" or "County") (Doc. 18). The

1

County seeks to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2), or in the alternative, permissively under Rule 24(b). Plaintiffs do not oppose the motion and Federal Defendants take no position. For the reasons stated below, the motion is granted.

## I. Background

This action challenges Federal Defendants' approval of the Mud Creek Vegetation Management Project ("Mud Creek Project" or "Project") under the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4332, the Administrative Procedure Act, 5 U.S.C. § 702, the Endangered Species Act ("ESA"), 16 U.S.C. § 1531, and the National Forest Management Act ("NFMA"). (Doc. 1, ¶ 1). The Mud Creek Project encompasses 48,486 acres within the Bitterroot National Forest wherein the Forest Service intends to conduct logging, non-commercial thinning, controlled burn activities, prescribed fire, and road construction activities. The Project was developed to improve landscape resilience, reduce fire hazard potential, improve habitat and forage quality and quantity, and improve transportation and trail systems.

## II. Legal standard

A party may intervene as a matter of right where (1) the movant's motion is timely; (2) the movant asserts an interest relating to the property or transaction that is the subject of the action; (3) the movant is so situated that, without intervention,

the disposition of the action may, as a practical matter, impair or impede its ability to protect that interest; and (4) the movant's interest is not adequately represented by the existing parties. Fed. R. Civ. P. 24(a)(2). Under Rule 24(a)(2), "[i]t is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (*en banc*). An applicant's interest in the litigation is sufficient so long as "it will suffer a practical impairment of its interests as a result of the pending litigation." *Wilderness Soc'y*, 630 F.3d at 1179. Courts accept nonconclusory allegations and evidence submitted in support of a motion to intervene as true. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819–20 (9th Cir. 2001). The test is applied "liberally in favor of potential intervenors," and the court's analysis "is guided primarily by practical considerations, not technical distinctions." *Berg*, 268 F.3d at 818.

Under Rule 24(b), the court has discretion to grant permissive intervention to anyone who, upon making a timely motion, has a claim or defense that shares a common question of law or fact with the underlying action. Fed. R. Civ. P. 24(b). In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3). Therefore, unlike intervention as of right, permissive intervention

does not require a protectable interest or inadequacy of representation, and "plainly dispenses with any requirement that the intervenor shall have direct personal or pecuniary interest in the subject of the litigation." *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002).

### III.  Discussion

#### i.  Timeliness

To determine whether a motion is timely, the court considers (1) the stage of the proceeding, (2) any prejudice to the other parties, and (3) the reason for and length of the delay. *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016). The primary consideration is whether intervention will prejudice the existing parties. *Smith*, 830 F.3d at 857. Here, Plaintiffs filed their Complaint on January 11, 2024 (Doc. 1), Federal Defendants filed their Answer on March 21, 2024 (Doc. 17), and Plaintiffs' opening summary judgment brief is not due until June 2024. Therefore, because this case is in its early stages, and because the parties have not yet engaged in any substantive proceedings, Ravalli County's motion to intervene is timely and not prejudicial.

#### ii.  Significant Protectable Interest and Disposition may Impair Ability to Protect Interest

A party seeking to intervene as of right must claim "an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P.

24(a)(2). A party has a significant protectable interest where "the interest is protectable under some law, and [] there is a relationship between the legally protected interest and the claims at issue." *Arakaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir. 2003) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993)). To establish impairment, a proposed intervenor need only show that the litigation "may … impair or impede" its legally protected interests. Fed. R. Civ. P. 24(a)(2); *United States v. City of Los Angeles*, 288 F.3d 391, 397–98 (9th Cir. 1990).

Ravalli County has a protectable interest at stake. The County, in its role as a municipal corporation and political subdivision of the State, engages with the Forest Service on a government-to-government basis to advocate for the interests of its residents. The County desires to participate in this case to protect its residents' health, safety, and social and ecological interests as they relate to the health of national forests within the County's geographic boundaries. (Doc. 19 at 11). The County has participated actively throughout the Project development for these same reasons. (Doc. 19 at 11).

### iii.  Disposition may Impair Ability to Protect Interest

To establish impairment of a protectable interest, a proposed intervenor need only show that the litigation "may … impair or impede" its legally protected interests. Fed. R. Civ. P. 24(a)(2); *United States v. City of Los Angeles*, 288 F.3d

5

391, 397–98 (9th Cir. 1990). Here, Ravalli County adequately asserts that its interests in a healthy forest and the associated public health, safety, social, and ecological and economic benefits would be impaired should the Mud Creek Project be halted or delayed.

### iv. Inadequacy of Representation

In determining whether a proposed intervenor's interests are adequately represented, the court considers (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the proposed intervenor would offer any necessary elements to the proceedings that such other parties would neglect. *Arakaki*, 324 F.3d at 1086. The most important consideration is how the applicant's interests compare with those of the existing parties to the litigation. *Arakaki*, 324 F.3d at 1086.

Here, although Ravalli County and Federal Defendants share the same ultimate objective, the County contends it has other interests at stake that are unique to its position as a County government and that it will offer unique perspectives on the case. The Court agrees. First, Federal Defendants have an interest that may not be coterminous with those of the County, whose "highest priority is the public health and safety of Ravalli County Residents." (Doc. 19 at 14) (citation omitted); *See Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525 (9th

6

Cir. 1983). Furthermore, it is likely that Ravalli County "would [] offer important elements to the proceedings that the existing parties would likely neglect." *Berg*, 268 F.3d at 823 (explaining that "[t]he priorities of the defending government agencies are not simply to confirm the Applicants' interests … on some issues, Applicants will have to express their own unique private perspectives").

### IV.  Conclusion

Accordingly, for the reasons set forth above,

IT IS ORDERED that the motion to intervene (Doc. 18) is GRANTED. Ravalli County, Montana shall be permitted to intervene as of right in this matter, and the caption shall be modified as reflected above.

IT IS FURTHER ORDERED that Ravalli County shall refile their submissions (Docs. 18-3, -4, and -6) attached to their motion to intervene.

IT IS FURTHER ORDERED that Ravalli County shall abide by all other deadlines set forth in the Court's Scheduling Order (Doc. 16).

DATED this 22nd day of April, 2024.

_____
Kathleen L. DeSoto
United States Magistrate Judge