IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES; NATIVE ECOSYSTEMS COUNCIL; YELLOWSTONE TO UINTAS CONNECTION; FRIENDS OF THE BITTERROT; and WILDEARTH GUARDIANS, | CV 24-10-M-DLC-KLD |
| Plaintiffs, | ORDER |
| vs. | |
| TOM VILSACK, in his official capacity as Secretary of the Department of Agriculture, RANDY MOORE, in his official capacity as Chief of the Forest Service; MATTHEW ANDERSON, in his official capacity as Bitterroot National Forest Supervisor; DAN PLILEY, in his official capacity as West Fork District Ranger; UNITED STATES FOREST SERVICE; and UNITED STATES FISH AND WILDLIFE SERVICE, | |
| Defendants, | |

1

RAVALLI COUNTY, MONTANA,

             Defendant-Intervenor,

vs.

STATE OF MONTANA
DEPARTMENT OF NATURAL
RESOURCES,

             Defendant-Intervenor.

This matter comes before the Court on an Unopposed Motion to Intervene filed by the State of Montana Department of Natural Resources and Conservation ("DNRC") (Doc. 32). DNRC seeks to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2), or in the alternative, permissively under Rule 24(b). Although DNRC could not ascertain Plaintiff's position on the Motion, Plaintiffs have not filed a brief in opposition. Federal Defendants take no position and Intervenor Ravalli County does not object. For the reasons stated below, the motion is granted.

## I.    Background

This action challenges Federal Defendants' approval of the Mud Creek Vegetation Management Project ("Mud Creek Project" or "Project") under the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4332, the Administrative Procedure Act, 5 U.S.C. § 702, the Endangered Species Act

("ESA"), 16 U.S.C. § 1531, and the National Forest Management Act ("NFMA"). (Doc. 1 at ¶ 1). The Mud Creek Project encompasses 48,486 acres within the Bitterroot National Forest wherein the Forest Service intends to conduct logging, non-commercial thinning, controlled burn activities, prescribed fire, and road construction activities. The Project was developed to improve landscape resilience, reduce fire hazard potential, improve habitat and forage quality and quantity, and improve transportation and trail systems.

## II.    Legal standard

A party may intervene as a matter of right where (1) the movant's motion is timely; (2) the movant asserts an interest relating to the property or transaction that is the subject of the action; (3) the movant is so situated that, without intervention, the disposition of the action may, as a practical matter, impair or impede its ability to protect that interest; and (4) the movant's interest is not adequately represented by the existing parties. Fed. R. Civ. P. 24(a)(2). Under Rule 24(a)(2), "[i]t is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (*en banc*). An applicant's interest in the litigation is sufficient so long as "it will suffer a practical impairment of its interests as a result of the pending litigation." *Wilderness Soc'y*, 630 F.3d at 1179. Courts accept nonconclusory allegations and

3

evidence submitted in support of a motion to intervene as true. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819–20 (9th Cir. 2001). The test is applied "liberally in favor of potential intervenors," and the court's analysis "is guided primarily by practical considerations, not technical distinctions." *Berg*, 268 F.3d at 818.

Under Rule 24(b), the court has discretion to grant permissive intervention to anyone who, upon making a timely motion, has a claim or defense that shares a common question of law or fact with the underlying action. Fed. R. Civ. P. 24(b). In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3). Therefore, unlike intervention as of right, permissive intervention does not require a protectable interest or inadequacy of representation, and "plainly dispenses with any requirement that the intervenor shall have direct personal or pecuniary interest in the subject of the litigation." *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002).

### III.  Discussion

#### i.  Timeliness

To determine whether a motion is timely, the court considers (1) the stage of the proceeding, (2) any prejudice to the other parties, and (3) the reason for and length of the delay. *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir.

2016). The primary consideration is whether intervention will prejudice the existing parties. *Smith*, 830 F.3d at 857. Here, Plaintiffs filed their Complaint on January 11, 2024 (Doc. 1), Federal Defendants filed their Answer on March 21, 2024 (Doc. 17), and all pending deadlines are currently stayed pursuant to this Court's May 28, 2024, Order (Doc. 31). Therefore, because this case is in its early stages, and because the parties have not yet engaged in any substantive proceedings, DNRC's motion to intervene is timely and not prejudicial.

### ii. Significant Protectable Interest

A party seeking to intervene as of right must claim "an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). A party has a significant protectable interest where "the interest is protectable under some law, and [] there is a relationship between the legally protected interest and the claims at issue." *Arakaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir. 2003) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993)). To establish impairment, a proposed intervenor need only show that the litigation "may … impair or impede" its legally protected interests. Fed. R. Civ. P. 24(a)(2); *United States v. City of Los Angeles*, 288 F.3d 391, 397–98 (9th Cir. 1990).

DNRC asserts that the Project will contribute to a sustainable timber industry, the economic vitality of local communities, and to the diversity of

vegetation, which will improve forest health and resiliency to wildfire impacts in the Project area. (Doc. 33 at 5). DNRC argues that it has significant interest in reducing wildfire risks in Montana due in large part to its statutory mandate to "ensure the protection of land under state and private ownership and to suppress wildfires on land under state and private ownership." Mont. Code Ann. § 76-13-104(1)(a). Although the Project is not within DNRC's wildfire direct protection—i.e., areas where DNRC has the initial and primary duty to suppress wildfires—DNRC nonetheless supports wildfire protection through the County Cooperative Program, an agreement DNRC maintains with all 56 Montana counties. (Doc. 33 at 6); *see* Mont. Code Ann. §§ 7-33-2202(4)(b), 76-13-105(3). The Project area is adjacent to 1,897 acres of lands protected by the County Cooperative Program. DNRC maintains that the Project advances DNRC's statutory mandate to promote forest health by reducing severe wildfire risk and promoting firefighter safety. (Doc. 33 at 6).

Moreover, the Project aligns with DNRC's Montana Forest Action Plan ("MFAP"), adopted in December 2020. (Doc. 33 at 7) (*See* Montana Forest Action Plan). The Project area is within a Priority Area for Focused Attention under the MFAP. DNRC maintains that the Project will increase diversity of vegetation in that area, thereby improving forest health and resiliency to wildfire impacts. (Doc. 33 at 7). Finally, DNRC contends that the Project will contribute to retention of the

timber industry through provision of commercial timber. (Doc. 33 at 7). DNRC and the Bitterroot National Forest have signed a Good Neighbor Authority ("GNA") agreement to provide capacity to increase the pace and scale of restoration across area boundaries. Pursuant to this agreement, the DNRC will perform field and office work and will advertise and award four GNA timber sales. (Doc. 33 at 8). DNRC desires to participate in this case to protect its interests under the GNA.

In light of the above, DNRC has demonstrate significant protectable interests at stake in this litigation.

### iii. Disposition may Impair Ability to Protect Interest

To establish impairment of a protectable interest, a proposed intervenor need only show that the litigation "may … impair or impede" its legally protected interests. Fed. R. Civ. P. 24(a)(2); *United States v. City of Los Angeles*, 288 F.3d 391, 397–98 (9th Cir. 1990). Here, DNRC adequately asserts that, should it be unable to appeal an adverse decision, its interests in the GNA timber sales and reduction of severe wildfires would be impaired.

### iv. Inadequacy of Representation

In determining whether a proposed intervenor's interests are adequately represented, the court considers (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the

7

present party is capable and willing to make such arguments; and (3) whether the proposed intervenor would offer any necessary elements to the proceedings that such other parties would neglect. *Arakaki*, 324 F.3d at 1086. The most important consideration is how the applicant's interests compare with those of the existing parties to the litigation. *Arakaki*, 324 F.3d at 1086.

Although DNRC, Federal Defendants, and Ravalli County share the same ultimate objective, DNRC contends that it has other interests at stake that are unique to its statutory duties and interests in wildfire suppression and timber sales. (Doc. 33 at 9). The Court agrees. It is likely that DNRC "would [] offer important elements to the proceedings that the existing parties would likely neglect." *Berg*, 268 F.3d at 823 (explaining that "[t]he priorities of the defending government agencies are not simply to confirm the Applicants' interests … on some issues, Applicants will have to express their own unique private perspectives").

## IV.   Conclusion

Accordingly, for the reasons set forth above,

IT IS ORDERED that the motion to intervene (Doc. 32) is GRANTED. The DNRC shall be permitted to intervene as of right in this matter, and the caption shall be modified as reflected above.

IT IS FURTHER ORDERED that the DNRC shall refile its submission (Docs. 32-2) attached to its motion to intervene.

8

IT IS FURTHER ORDERED that the DNRC shall abide by all other

deadlines set forth in the Court's Scheduling Order (Doc. 16) and Stay Order (Doc.

31).

DATED this 18th day of June, 2024.

_____
Kathleen L. DeSoto
United States Magistrate Judge

9