MARK C. PHARES
EMILY OBERMILLER
Montana Department of Natural
Resources and Conservation
2705 Spurgin Rd.
Missoula, MT 59804
(406) 542-4341
mphares@mt.gov
cnd404@mt.gov
*Attorneys for Proposed Intervenor Montana DNRC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES, NATIVE ECOSYSTEMS COUNCIL, YELLOWSTONE TO UINTAS CONNECTION, FRIENDS OF THE BITTERROOT, and WILDEARTH GUARDIANS,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>TOM VILSACK, in his official capacity as Secretary of the Department of Agriculture; RANDY MOORE, in his official capacity as Chief of the Forest Service; MATTHEW ANDERSON, in his official capacity as the Bitterroot National Forest Supervisor; and DAN PLILEY, in his official capacity as the West Fork District Ranger, UNITED STATES FOREST SERVICE; and UNITED STATES FISH AND WILDLIFE SERVICE,<br>　　　Defendants. | NO. 9:24-cv-00010-DLC-KLD<br><br><br>**STATE OF MONTANA DEPARTMENT OF NATURAL RESOURCES AND CONSERVATION'S [PROPOSED] ANSWER** |

　　　Proposed Intervenor-Defendant, Montana Department of Natural Resources and Conservation (hereinafter referred to as "the Department" or "DNRC"), submits the following Proposed Answer to the Complaint (Doc. 1) filed by the Plaintiffs in the above captioned action. All allegations not specifically admitted herein are denied.

1

**INTRODUCTION**

1.      The allegations in paragraph 1 of the Complaint constitute Plaintiffs'
characterization of the case, to which no response is required. To the extent a response is
required, DNRC denies the allegations.

2.      The allegations in paragraph 2 of the Complaint constitute Plaintiffs'
characterization of the case, to which no response is required. Moreover, paragraph 2 of the
Complaint, to the extent it indirectly references the NEPA analysis for the Mud Creek
Vegetation Management Plan (Project), is one that does not require a response because the
NEPA analysis speaks for itself and does not require a response. To the extent a response is
required, DNRC denies the allegations in paragraph 2 of the Complaint.

3.      Paragraph 3 of the Complaint cites the NEPA analysis for the Project, which
speaks for itself and does not require a response. To the extent a response is required, DNRC
denies the allegations in paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint references the NEPA analysis for the Project, which
speaks for itself and does not require a response. To the extent a response is required, DNRC
denies the allegations in paragraph 4 of the Complaint.

5.      The allegations contained in paragraph 5 of the Complaint reference the NEPA
analysis for the Project, which speaks for itself and does not require a response. To the extent a
response is required, and to the extent the allegations in paragraph 5 of the Complaint deviate
from the NEPA analysis for the Project, DNRC denies those allegations.

2

6.      Paragraph 6 of the Complaint quote the Project's NEPA analysis, which speaks for itself and does not require a response. To the extent the allegations contained in paragraph 6 of the Complaint deviate from the Project's NEPA analysis, DNRC denies those allegations.

7.      DNRC denies the allegations contained in paragraph 7 of the Complaint.

8.      The allegations contained in paragraph 8 of the Complaint quote the Project's NEPA analysis, which analysis speaks for itself, and does not require a response. To the extent the allegations contained in paragraph 8 of the Complaint deviate from the Project's NEPA analysis, DNRC denies those allegations.

9.      In response to the allegations contained in paragraph 9 of the Complaint, DNRC is without sufficient knowledge and information to form a belief, and therefore denies the same.

10.     DNRC admits the first sentence of paragraph 10 of the Complaint. The remainder of paragraph 10 of the Complaint characterize the Project's Fisheries Biological Assessment and Evaluation (Fish BA), which speaks for itself. To the extent paragraph 10 contains allegations that are inconsistent with the Fish BA, DNRC denies the same.

11.     The first sentence of paragraph 11 references and characterizes the Project's NEPA analysis, which speaks for itself and requires no response. To the extent that a response is required, DNRC denies the same. DNRC denies the allegations contained in the second sentence of paragraph 11 of the Complaint.

12.     DNRC admits the first sentence of paragraph 12 of the Complaint. The remaining allegations in paragraph 12 of the Complaint represent characterizations of the Project, to which no response is required. To the extent a response is required and to the extent the allegations differ from the 2021 Whitebark Pine BA, DNRC denies the same.

13.     In response to the allegations contained in paragraph 13 of the Complaint, DNRC admits that the United States Forest Service reinitiated consultation on whitebark pine after the species was listed. The remaining allegations contained in paragraph 13 of the Complaint cite an unknown quote, about which DNRC lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and DNRC therefore denies the same.

## JURISDICTION, RIGHT OF ACTION AND VENUE

14.     The allegations contained in paragraph 14 of the Complaint constitute legal conclusions, to which no response is required.

15.     The allegations contained in paragraph 15 of the Complaint constitute legal conclusions, to which no response is required.

16.     The allegations contained in paragraph 16 of the Complaint constitute legal conclusions, to which no response is required.

17.     The allegations contained in the first sentence of paragraph 17 of the Complaint constitute legal conclusions, to which no response is required. DNRC is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the second sentence of paragraph 17 of the Complaint and therefore denies the same.

18.     DNRC lacks the knowledge or information to form a belief about the truth of the allegations contained in paragraph 18 of the Complaint and therefore denies the same.

19.     DNRC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19 of the Complaint and therefore denies the same.

20.     DNRC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20 of the Complaint and therefore denies the same.

4

21.     DNRC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21 of the Complaint and therefore denies the same.

22.     DNRC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22 of the Complaint and therefore denies the same.

23.     DNRC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 23 of the Complaint and therefore denies the same.

24.     The allegations contained in paragraph 24 of the Complaint represent conclusions of law, to which no response is required.

25.     The allegations contained in paragraph 25 of the Complaint represent conclusions of law, to which no response is required.

## PARTIES

26.     DNRC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 26 of the Complaint and therefore denies the same.

27.     DNRC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 27 of the Complaint and therefore denies the same.

28.     DNRC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 28 of the Complaint and therefore denies the same.

29.     DNRC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 29 of the Complaint and therefore denies the same.

30.     DNRC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30 of the Complaint and therefore denies the same.

31.     DNRC admits the first two sentences of paragraph 31 of the Complaint, but denies the remainder of the allegations in paragraph 31.

32.     DNRC admits the allegations contained in paragraph 32 of the Complaint.

33.     DNRC admits the allegations contained in paragraph 33 of the Complaint.

34.     DNRC admits the allegations contained in paragraph 34 of the Complaint.

35.     DNRC admits the allegations contained in paragraph 35 of the Complaint.

36.     DNRC admits the allegations contained in paragraph 36 of the Complaint.

**STATUTORY FRAMEWORK**
*The National Environmental Policy Act*

37.     The allegations contained in paragraph 37 of the Complaint represent legal conclusions, to which no response is required. Moreover, paragraph 37 of the Complaint characterizes NEPA, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

38.     The allegations contained in paragraph 38 of the Complaint represent legal conclusions, to which no response is required. Moreover, paragraph 38 of the Complaint characterizes NEPA, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

39.     The allegations contained in paragraph 39 of the Complaint represent legal conclusions, to which no response is required. Moreover, paragraph 39 of the Complaint characterizes NEPA and its case law, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

40.     The allegations contained in paragraph 40 of the Complaint represent legal conclusions, to which no response is required. Moreover, paragraph 40 of the Complaint characterizes NEPA, its implementing regulations and case law, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

6

41.     The allegations contained in paragraph 41 of the Complaint represent legal conclusions, to which no response is required. Moreover, paragraph 41 of the Complaint characterizes NEPA's implementing regulations, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

42.     The allegations contained in paragraph 42 of the Complaint represent legal conclusions, to which no response is required. Moreover, paragraph 42 of the Complaint characterizes NEPA, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

43.     The allegations contained in paragraph 43 of the Complaint represent legal conclusions, to which no response is required. Moreover, paragraph 43 of the Complaint characterizes case law, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

44.     The allegations contained in paragraph 44 of the Complaint represent legal conclusions, to which no response is required. Moreover, paragraph 44 of the Complaint characterizes case law, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

45.     The allegations contained in paragraph 45 of the Complaint represent legal conclusions, to which no response is required. Moreover, paragraph 45 of the Complaint characterizes NEPA implementing regulations, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

46.     The allegations contained in paragraph 46 of the Complaint represent legal conclusions, to which no response is required. Moreover, paragraph 46 of the Complaint

characterizes NEPA, which speaks for itself is the best evidence of its contents and therefore does not require a response.

*The Administrative Procedure Act*

47.     The allegations contained in paragraph 47 of the Complaint represent legal conclusions, to which no response is required. Moreover, paragraph 47 of the Complaint characterizes the Administrative Procedure Act (APA), which speaks for itself and is the best evidence of its contents and therefore does not require a response.

48.     The allegations contained in paragraph 48 of the Complaint represent legal conclusions, to which no response is required. Moreover, paragraph 48 of the Complaint characterizes the APA and case law, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

49.     The allegations contained in paragraph 49 of the Complaint represent legal conclusions, to which no response is required. Moreover, paragraph 49 of the Complaint characterizes case law, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

*The Endangered Species Act*

50.     The allegations contained in paragraph 50 of the Complaint represent legal conclusions, to which no response is required. Moreover, paragraph 50 of the Complaint characterizes the Endangered Species Act (ESA), which speaks for itself and is the best evidence of its contents and therefore does not require a response.

51.     The allegations contained in paragraph 51 of the Complaint represent legal conclusions, to which no response is required. Moreover, paragraph 51 of the Complaint

characterizes the ESA, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

52.     The allegations contained in paragraph 52 of the Complaint represent legal conclusions, to which no response is required. Moreover, paragraph 52 of the Complaint characterizes the ESA, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

53.     The allegations contained in paragraph 53 of the Complaint represent legal conclusions, to which no response is required. Moreover, paragraph 53 of the Complaint characterizes ESA implementing regulations, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

54.     The allegations contained in paragraph 54 of the Complaint represent legal conclusions, to which no response is required. Moreover, paragraph 54 of the Complaint characterizes the ESA, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

*The National Forest Management Act*

55.     The allegations contained in paragraph 55 of the Complaint represent legal conclusions, to which no response is required. Moreover, paragraph 55 of the Complaint characterizes the National Forest Management Act (NFMA), which speaks for itself and is the best evidence of its contents and therefore does not require a response.

56.     The allegations contained in paragraph 56 of the Complaint represent legal conclusions, to which no response is required. Moreover, paragraph 56 of the Complaint characterizes NFMA, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

9

57.     The allegations contained in paragraph 57 of the Complaint represent legal conclusions, to which no response is required. Moreover, paragraph 57 of the Complaint characterizes NFMA implementing regulations, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

58.     The allegations contained in paragraph 58 of the Complaint represent legal conclusions, to which no response is required. Moreover, paragraph 58 of the Complaint characterizes NFMA implementing regulations, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

59.     The allegations contained in paragraph 59 of the Complaint represent legal conclusions, to which no response is required. Moreover, paragraph 59 of the Complaint characterizes NFMA implementing regulations, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

## STATEMENT OF FACTS
### *Mud Creek Project*

60.     DNRC admits the allegations in paragraph 60 of the Complaint.

61.     Paragraph 61 of the Complaint characterizes the NEPA analysis, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

62.     Paragraph 62 of the Complaint characterizes the NEPA analysis, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

63.     Paragraph 63 of the Complaint characterizes the NEPA analysis, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

64.     Paragraph 64 of the Complaint characterizes the NEPA analysis, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

65.     Paragraph 65 of the Complaint characterizes the NEPA analysis, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

66.     DNRC denies the allegations contained in paragraph 66 of the Complaint.

67.     Paragraph 67 of the Complaint characterizes the NEPA analysis, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

68.     In response to paragraph 68 of the Complaint, DNRC admits that the Project will employ condition-based management, but denies the remainder of the allegations in paragraph 68.

69.     Paragraph 69 of the Complaint characterizes the NEPA analysis, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

70.     Paragraph 70 of the Complaint characterizes the NEPA analysis, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

71.     Paragraph 71 of the Complaint characterizes the NEPA analysis, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

72.     Paragraph 72 of the Complaint characterizes the NEPA analysis, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

73.     Paragraph 73 of the Complaint characterizes the NEPA analysis, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

74.     Paragraph 74 of the Complaint characterizes the NEPA analysis, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

75.     Paragraph 75 of the Complaint characterizes the NEPA analysis, which speaks for itself and is the best evidence of its contents and therefore does not require a response.

76.     DNRC admits that the Project will employ condition-based management, but denies the remainder of the allegations in paragraph 76 of the Complaint.

77.     DNRC denies the allegations contained in paragraph 77 of the Complaint.

78.     DNRC denies the allegations contained in paragraph 78 of the Complaint.

79.     DNRC denies the allegations contained in paragraph 79 of the Complaint.

80.     DNRC admits that whitebark pine, bull trout and bull trout critical habitat exist in the Project area, but denies the remainder of the allegations in paragraph 80 of the Complaint.

<u>Bitterroot National Forest Forest Plan</u>

81.     DNRC denies that the Bitterroot National Forest is located 40 miles south of Hamilton, Montana. DNRC admits the remainder of the allegations contained in paragraph 81 of the Complaint.

82.     DNRC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint and therefore denies those allegations.

83.     While DNRC asserts that the allegations contained in paragraph 83 of the Complaint are vague and ambiguous, it admits that the Bitterroot National Forest provides recreational activities.

84.     DNRC admits that the Record of Decision for the Bitterroot National Forest Land and Resource Management Plan (Forest Plan) was issued in September 1987. The remainder of the allegations in paragraph 84 of the Complaint characterize the Forest Plan, which speaks for itself and is the best evidence of its contents and requires no response.

85.     The quoted material in paragraph 85 of the Complaint appears without attribution to derive from the Forest Plan, which speaks for itself and is the best evidence of its contents, to which no response is required.

86.     The quoted material in paragraph 86 of the Complaint appears without attribution to derive from the Forest Plan, which speaks for itself and is the best evidence of its contents, to which no response is required.

87.     The allegations contained in paragraph 87 of the Complaint characterize the quoted material therein, which speaks for itself and is the best evidence of its contents and does not require a response.

88.     The allegations contained in paragraph 88 of the Complaint characterize the document described therein, which is the best evidence of its contents and speaks for itself, therefore requiring no response.

89.     DNRC is without sufficient knowledge or information to form a belief about the allegations contained in paragraph 89 of the Complaint.

90.     The allegations contained in paragraph 90 of the Complaint characterize case law, which speaks for itself and is the best evidence of its contents and requires no response. The allegations also constitute legal conclusions, to which no response is required.

*Bitterroot National Forest Plan Amendments*

91.     The allegations contained in Paragraph 91 of the Complaint characterize the NEPA analysis, which speaks for itself and is the best evidence of its contents and does not require a response.

*Old Growth*

13

92.     DNRC lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 92 of the Complaint and therefore denies the same. Additionally, these allegations appear to characterize a NEPA document for the Project, which speaks for itself and is the best evidence of its contents.

93.     The allegations contained in Paragraph 93 of the Complaint characterizes the Vegetation Report, which speaks for itself and is the best evidence of its contents and requires no response.

94.     The allegations contained in Paragraph 94 of the Complaint characterize the Forest Plan, which speaks for itself and is the best evidence of its contents and requires no response.

95.     The allegations contained in Paragraph 95 of the Complaint characterize the Forest Plan, which speaks for itself and is the best evidence of its contents and requires no response.

96.     The allegations contained in Paragraph 96 of the Complaint characterize the Forest Plan, which speaks for itself and is the best evidence of its contents and requires no response.

97.     The allegations contained in Paragraph 97 of the Complaint characterize the Forest Plan, which speaks for itself and is the best evidence of its contents and requires no response.

98.     The allegations contained in Paragraph 98 of the Complaint characterize the Forest Plan, which speaks for itself and is the best evidence of its contents and requires no response.

99.     The allegations contained in Paragraph 99 of the Complaint characterize the Forest Plan, which speaks for itself and is the best evidence of its contents and requires no response.

100.    The allegations contained in Paragraph 100 of the Complaint characterize the Forest Plan, which speaks for itself and is the best evidence of its contents and requires no response.

101.    The allegations contained in Paragraph 101 of the Complaint characterize the Forest Plan, which speaks for itself and is the best evidence of its contents and requires no response.

102.    DNRC denies the allegations contained in paragraph 102 of the Complaint.

103.    The allegations contained in Paragraph 103 of the Complaint characterize the NEPA analysis, which speaks for itself and is the best evidence of its contents and requires no response.

104.    The allegations contained in Paragraph 104 of the Complaint characterize the NEPA analysis, which speaks for itself and is the best evidence of its contents and requires no response.

105.    The allegations contained in Paragraph 105 of the Complaint characterize the NEPA analysis, which speaks for itself and is the best evidence of its contents and requires no response.

106.    DNRC denies the allegations contained in paragraph 106 of the Complaint.

107.    The allegations contained in Paragraph 107 of the Complaint characterize the NEPA analysis, which speaks for itself and is the best evidence of its contents and requires no response.

108.    The allegations contained in Paragraph 108 of the Complaint characterize the NEPA analysis, which speaks for itself and is the best evidence of its contents and requires no response.

109.    The allegations contained in Paragraph 109 of the Complaint characterize the NEPA analysis and its supporting documentation, which speaks for itself and is the best evidence of its contents and requires no response.

110.    The allegations contained in Paragraph 110 of the Complaint characterize the NEPA analysis and its supporting documentation, which speaks for itself and is the best evidence of its contents and requires no response.

111.    The allegations contained in Paragraph 111 of the Complaint characterize the NEPA analysis and its supporting documentation, which speaks for itself and is the best evidence of its contents and requires no response.

112.    The allegations contained in Paragraph 112 of the Complaint characterize the NEPA analysis and its supporting documentation, which speaks for itself and is the best evidence of its contents and requires no response.

113.    DNRC denies the allegations contained in paragraph 113 of the Complaint.

114.    DNRC denies the allegations contained in paragraph 114 of the Complaint.

*Bull Trout and Bull Trout Critical Habitat*

115.    DNRC admits the first sentence of paragraph 115. The remainder of paragraph 115 characterize the NEPA analysis and its supporting documentation, which speaks for itself and is the best evidence of its contents, and requires no response.

16

116.     The allegations in paragraph 116 appear to characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

117.     DNRC lacks sufficient knowledge to admit or deny the allegations contained in paragraph 117, and therefore denies the same.

118.     The allegations in paragraph 118 appear to characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

119.     The allegations in paragraph 119 appear to characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

120.     The allegations in paragraph 120 appear to characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

121.     The allegations in paragraph 121 appear to characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

122.     The allegations in paragraph 122 appear to characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

123.     The allegations in paragraph 123 appear to characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

17

124.    The allegations in paragraph 124 appear to characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

125.    DNRC admits the allegations contained paragraph 125.

126.    The allegations in paragraph 126 contain a characterization of the Conservation Report, which speaks for itself and is the best evidence of its contents, and requires no response.

127.    The allegations in paragraph 127 quotes from and characterizes the Conservation Report, which speaks for itself and is the best evidence of its contents, and requires no response.

128.    The allegations in paragraph 128 appear to characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

129.    The allegations in paragraph 129 appear to characterize and quote from the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

130.    DNRC denies the allegation in paragraph 130.

131.    DNRC denies the allegations in paragraph 131.

132.    The allegations in paragraph 132 appear to characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

133.    The first sentence of paragraph 133 appears to characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response. DNRC lacks information to admit or deny the remainder of paragraph 133.

134.     The allegations in paragraph 134 appear to characterize the Conservation Report, which speaks for itself, is the best evidence of its contents and requires no response.

135.     DNRC denies the allegations in paragraph 135.

136.     The allegations in paragraph 136 appear to characterize the Biological Opinion, which speaks for itself, is the best evidence of its contents and requires no response.

137.     The allegations in paragraph 137 appear to quote from and characterize the Biological Opinion, which speaks for itself, is the best evidence of its contents and requires no response.

138.     The allegations in paragraph 138 appear to quote from and characterize the Biological Opinion, which speaks for itself, is the best evidence of its contents and requires no response.

139.     DNRC denies the allegations in paragraph 139.

140.     DNRC denies the allegations in paragraph 140.

141.     DNRC denies the allegations in paragraph 141.

142.     DNRC denies the allegations in paragraph 142.

143.     DNRC denies the allegations in paragraph 143.

144.     The allegations in paragraph 144 appear to characterize the Biological Opinion, which speaks for itself, is the best evidence of its contents and requires no response.

145.     The allegations in paragraph 145 appear to characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

146.    The allegations in paragraph 146 appear to quote from and characterize the Biological Assessment, which speaks for itself, is the best evidence of its contents and requires no response.

147.    The first two sentences of paragraph 147 characterize documents that speak for themselves, are the best evidence of their contents and require no response. The remainder of paragraph 147 contains a characterization of the case, which requires no response; to the extent a response is required, DNRC denies the allegations.

148.    DNRC denies the allegation in the first sentence of paragraph 148. The second sentence of paragraph 148 contains a characterization of regulations, which speak for themselves, are the best evidence of their contents, and require no response. DNRC denies the remainder of the allegations in paragraph 148.

149.    The allegations in paragraph 149 appear to characterize the Biological Opinion, which speaks for itself, is the best evidence of its contents and requires no response.

150.    The allegations in paragraph 150 appear to characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

151.    The allegations in paragraph 151 appear to characterize a document, which speaks for itself, is the best evidence of its contents and requires no response.

*Whitebark Pine*

152.    The allegations in paragraph 152 appear to characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

153.    The allegations in paragraph 153 appear to characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

154.    The allegations in paragraph 154 appear to quote from and characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

155.    The allegations in paragraph 155 appear to quote from the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

156.    The allegations in paragraph 156 appear to quote from the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

157.    The allegations in paragraph 157 appear to quote from and characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

158.    The allegations in the first sentence of paragraph 158 appear to characterize the Biological Assessment, which speaks for itself, is the best evidence of its contents and requires no response. DNRC denies the remainder of the allegations in paragraph 158.

159.    The allegations in paragraph 159 appear to quote from and characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

160.    The allegations in paragraph 160 appear to quote from and characterize the Biological Assessment, which speaks for itself, is the best evidence of its contents and requires no response.

161.    DNRC denies the allegations in paragraph 161.

162.    DNRC is unable to ascertain the meaning of the first sentence of paragraph 162 and therefore denies the same. DNRC denies the remainder of paragraph 162.

*Climate Impacts*

163.    The allegations in paragraph 163 appear to characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

164.    The allegations in paragraph 164 appear to quote from and characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

165.    The allegations in paragraph 165 appear to quote from and characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

166.    DNRC is unable to ascertain the meaning of the first sentence of paragraph 166 and therefore denies the same. The allegations in paragraph 166 appear to characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

167.    The allegations in paragraph 167 appear to quote from and characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

22

168.    The allegations in paragraph 168 appear to quote from and characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

## FIRST CLAIM FOR RELIEF
*USFS's failure to disclose and consider all environmental impacts of the Project, as well as its failure to provide support for a change in position, is arbitrary, capricious, and contrary to law, in violation of NEPA and the APA*

169.    DNRC realleges and incorporates by reference all preceding paragraphs as if set forth fully herein.

170.    The allegations in paragraph 170 appear to characterize NEPA regulations, which speak for themselves, are the best evidence of their contents and require no response.

171.    The allegations in paragraph 171 appear to quote from and characterize NEPA case law, which speaks for itself, is the best evidence of its contents, and requires no response.

172.    The allegations in paragraph 154 appear to characterize NEPA, which statute speaks for itself, is the best evidence of its contents and requires no response.

173.    DNRC denies the allegations in paragraph 173.

174.    The allegations in paragraph 174 appear to quote from the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

175.    The allegations in paragraph 175 appear to quote from and characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

176.    DNRC denies the allegations in paragraph 176.

## SECOND CLAIM FOR RELIEF
*USFS's failure to prepare an environmental impact statement violates NEPA, NFMA, and the APA.*

177.    DNRC realleges and incorporates by reference all preceding paragraphs as if set forth fully herein.

178.    The allegations in paragraph 178 appear to quote from and characterize NEPA, which speaks for itself, is the best evidence of its contents and requires no response.

179.    The allegations in paragraph 179 appear to quote from and characterize NEPA and NEPA case law, which speak for themselves, are the best evidence of their contents and require no response.

180.    The allegations in paragraph 180 appear to quote from and characterize NEPA regulations, which speak for themselves, are the best evidence of their contents and require no response.

181.    DNRC denies the allegations in paragraph 181.

182.

183.    The allegations in paragraph 183 appear to quote from and characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

184. Deny or lack sufficient information

185.    The allegations in paragraph 185 appear to quote from NEPA, which speaks for itself, is the best evidence of its contents and requires no response.

186.    The allegations in paragraph 186 appear to quote from and characterize NEPA case law, which speaks for itself, is the best evidence of its contents and requires no response.

187.    DNRC denies the allegations in paragraph 187.

188.    DRNC denies the allegations in paragraph 188.

<u>THIRD CLAIM FOR RELIEF</u>

24

*The Forest Service's failure to use the Forest Plan definition of old growth, and consequential failures to demonstrate compliance with the Forest Plan old growth standard for retention and viability, violate NFMA, NEPA, and the APA.*

189.   DNRC realleges and incorporates by reference all preceding paragraphs as if set forth fully herein.

190.   The allegations in paragraph 190 appear to characterize the Forest Plan, which speaks for itself, is the best evidence of its contents and requires no response.

191.

192.   DNRC denies the allegations in paragraph 192.

193.   The allegations in paragraph 193 appear to characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

194.   DNRC denies the allegations in paragraph 194.

195.   DNRC denies the allegations in paragraph 195.

196.   DNRC denies the allegations in paragraph 196.

<u>FOURTH CLAIM FOR RELIEF</u>
*USFS violated NEPA when it failed to take a hard look at climate impacts.*

197.   DNRC realleges and incorporates by reference all preceding paragraphs as if set forth fully herein.

198.   The allegations in paragraph 198 appear to quote from and characterize NEPA and NEPA regulations, which speak for themselves, are the best evidence of their contents and require no response.

199.   DNRC denies the allegations in paragraph 199.

200.   DNRC denies the allegations in paragraph 200.

201.    DNRC denies the allegations in paragraph 201.

FIFTH CLAIM FOR RELIEF

*USFS's failure to disclose and take a hard look at impacts to bull trout, including from climate change and additional sedimentation from off-road vehicles, as well as FWS's reliance on the same failures in creating its incidental take statement, are arbitrary, capricious, and contrary to law, which violates the ESA.*

202.    DNRC realleges and incorporates by reference all preceding paragraphs as if set forth fully herein.

203.    The allegations in paragraph 203 appear to characterize Plaintiffs' legal claim, which requires no response.

204.    The allegations in paragraph 204 appear to characterize the Endangered Species Act, which speaks for itself, is the best evidence of its contents and requires no response.

205.    The allegations in paragraph 205 appear to quote from and characterize the Endangered Species Act, which speaks for itself, is the best evidence of its contents and requires no response.

206.    DNRC denies the allegations in paragraph 206.

207.    DNRC denies the allegations in paragraph 207 beginning with "USFS" and ending with "habitat"; the remainder of the allegations in paragraph 207 appear to characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

208.    The allegations in paragraph 208 appear to characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

26

209.    The allegations in paragraph 209 appear to quote from and characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

210.    The allegations in paragraph 210 appear to characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response. To the extent a response is required, DNRC denies that the incidental take statement is inadequate.

211.    The allegations in paragraph 211 appear to characterize the NEPA analysis and its supporting documentation, which speaks for itself, is the best evidence of its contents and requires no response.

212.    DNRC denies the allegations in paragraph 212.

213.    DNRC denies the allegations in paragraph 213.

SIXTH CLAIM FOR RELIEF
*USFS's failure to complete consultation prior to commencing action on the Project and consider all impacts to white bark pine, including from climate change, violate the ESA.*

214.    DNRC realleges and incorporates by reference all preceding paragraphs as if set forth fully herein.

215.    The allegations in paragraph 215 characterize Plaintiffs' legal challenge, which requires no response.

216.    The allegations in paragraph 216 appear to characterize the Endangered Species Act, which speaks for itself, is the best evidence of its contents and requires no response.

217.    The allegations in paragraph 217 appear to characterize the Endangered Species Act, which speaks for itself, is the best evidence of its contents and requires no response.

218.    The allegations in paragraph 218 appear to characterize the Endangered Species Act, which speaks for itself, is the best evidence of its contents and requires no response.

219.    DNRC admits that whitebark pine consultation has been reinitiated. The remainder of the allegations in paragraph 219 appear to characterize the NEPA analysis and its supporting documentation, which speak for itself, is the best evidence of its contents, and require no response.

220.    DNRC denies the allegations in paragraph 220.

221.    DNRC denies the allegations in paragraph 221.

222.    DNRC denies the allegations in paragraph 222.

<u>PRAYER FOR RELIEF</u>

Plaintiffs' prayer for relief requires no response. To the extent a response is required, DNRC denies that Plaintiffs are entitled to the relief requested.

<u>AFFIRMATIVE DEFENSES</u>

1.    Plaintiffs have failed to state a claim upon which relief can be granted.

2.    Proposed Intervenor reserves the right to assert additional affirmative defenses during the course of this litigation.

WHEREFORE, Proposed Intervenor requests that the Court dismiss the Complaint with prejudice.

Respectfully submitted on this 30th day of May 2024.

/s/ Mark Phares
Mark Phares
Emily Obermiller
Montana Department of Natural Resources
and Conservation
2705 Spurgin Road

Missoula, Montana 59804
mphares@mt.gov
cnd404@mt.gov

*Attorneys for Proposed Intervenor, Montana Department of Natural Resources and Conservation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was today served via the Court's CM/ECF system on all counsel of record.

/s/ Mark C. Phares
MARK C. PHARES
Attorney for Proposed Intervenor, Montana Department of Natural Resources and