Bill Fulbright, Ravalli County Attorney
205 Bedford St, Suite C
Hamilton, MT  59804
bfulbright@rc.mt.gov

Julie Weis
Christopher T. Griffith
HAGLUND KELLEY LLP
2177 SW Broadway
Portland, OR  97201
jweis@hk-law.com
cgriffith@hk-law.com
(admitted *pro hac vice*)

*Attorneys for Defendant-Intervenor*
*Ravalli County, Montana*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES, NATIVE ECOSYSTEMS COUNCIL, YELLOWSTONE TO UINTAS CONNECTION, FRIENDS OF THE BITTERROOT, and WILDEARTH GUARDIANS, | Case No: 24-CV-10-DLC-KLD |
| Plaintiffs, | **RAVALLI COUNTY, MONTANA'S ANSWER TO AMENDED COMPLAINT** |
| vs. | |
| TOM VILSACK, in his official capacity as Secretary of the Department of Agriculture; RANDY MOORE, in his official capacity as Chief of the Forest Service; MATTHEW | |

**RAVALLI COUNTY, MONTANA'S ANSWER**
**TO AMENDED COMPLAINT**

ANDERSON, in his official capacity as
the Bitterroot National Forest
Supervisor; DAN PLILEY, in his
official capacity as the West Fork
District Ranger, UNITED STATES
FOREST SERVICE; and UNITED
STATES FISH AND WILDLIFE
SERVICE,

               Defendants,

RAVALLI COUNTY, MONTANA,

               Defendant-Intervenor,

STATE OF MONTANA
DEPARTMENT OF NATURAL
RESOURCES,

               Defendant-Intervenor.

## RAVALLI COUNTY'S ANSWER TO AMENDED COMPLAINT

Defendant-Intervenor Ravalli County, Montana (the County) answers
Plaintiffs' Amended Complaint for Injunctive and Declaratory Relief (Plaintiffs'
Amended Complaint) as alleged below. The numbered paragraphs herein
correspond to the numbered paragraphs in Plaintiffs' Amended Complaint.

## INTRODUCTION

1.     The allegations in paragraph 1 constitute plaintiffs' characterization of
the case, to which no response is required. To the extent a response is required, the
County denies the allegations.

Page 1 – **RAVALLI COUNTY, MONTANA'S
ANSWER TO AMENDED COMPLAINT**

2.      The allegations in paragraph 2 constitute plaintiffs' characterization of the case, to which no response is required.  The allegations in paragraph 2 also characterize the Mud Creek Vegetation Management Project (the Project, or the Mud Creek Project), which is described in the Project's Decision Notice and Finding of No Significant Impact (DN/FONSI) and Environmental Assessment (EA), which documents speak for themselves and require no response.  To the extent a response is required, the County denies the allegations.

3.      The allegations in paragraph 3 quote and reproduce Figure 1 from the EA, which speaks for itself and requires no response.

4.      The allegations in paragraph 4 characterize and reproduce Figure 2 from the EA, which speaks for itself and requires no response.  To the extent a response is required, the County admits that the Forest Service divided the Project into four Project Implementation Areas but otherwise denies the allegations in paragraph 4.

5.      The allegations in paragraph 5 characterize the Project, which is described in the Project's DN/FONSI and EA, which documents speak for themselves and require no response.  To the extent a response is required, the County denies any allegations that are inconsistent with the DN/FONSI and EA.

Page 2 – **RAVALLI COUNTY, MONTANA'S ANSWER TO AMENDED COMPLAINT**

6.     The allegations in paragraph 6 characterize and quote the EA, which speaks for itself and requires no response.

7.     Deny.

8.     The allegations in paragraph 8 characterize and quote the DN/FONSI and EA, which documents speak for themselves and require no response.  To the extent a response is required, the County denies any allegations that are inconsistent with the DN/FONSI and EA.

9.     The County lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 9 and on that basis denies.

10.     The County admits the allegations in the first sentence of this paragraph but otherwise lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 10 and on that basis denies.

11.     The allegations in the first sentence of this paragraph characterize and quote without attribution the DN/FONSI and/or EA, or other National Environmental Policy Act (NEPA) documents for the Project, all of which speak for themselves, are the best evidence of their contents and require no response.  To the extent a response is required, the County denies any allegations that are inconsistent with the DN/FONSI, EA or other relevant NEPA documents.  The County denies the allegations in the second sentence of this paragraph.

Page 3 – **RAVALLI COUNTY, MONTANA'S ANSWER TO AMENDED COMPLAINT**

12.     The County admits the allegations in the first sentence of this paragraph.  The remainder of this paragraph characterizes and quotes without attribution the DN/FONSI and/or EA, or other NEPA documents for the Project, all of which speak for themselves, are the best evidence of their contents and require no response.  To the extent a response is required, the County denies any allegations that are inconsistent with the DN/FONSI, EA or other relevant NEPA documents.

13.     The County admits the U.S. Forest Service reinitiated consultation with the U.S. Fish and Wildlife Service under the Endangered Species Act (ESA) regarding potential Project effects on the whitebark pine.  But the remainder of this paragraph purports to quote an unidentified source, about which the County lacks the knowledge and information sufficient to form a belief as to the truth of the allegations, which it therefore denies.  The County further avers that the reinitiated consultation has concluded with the issuance of a biological opinion.

## JURISDICTION, RIGHT OF ACTION AND VENUE

14.     The allegations in paragraph 14 constitute legal conclusions to which no response is required.

15.     The allegations in paragraph 15 constitute legal conclusions to which no response is required.

16.     The allegations in paragraph 16 constitute legal conclusions to which no response is required.

17.     The allegations in paragraph 17 constitute legal conclusions to which no response is required.  The County also lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies.

18.     The County lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies.

19.     The County lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies.

20.     The County lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies.

21.     The County lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies.

22.     The County lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies.

23.     The County lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies.

24.     The allegations in paragraph 24 constitute a legal conclusion to which no response is required.

25.     The allegations in paragraph 25 constitute a legal conclusion to which no response is required.

## PARTIES

26.     The County lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 26 and on that basis denies, except that the County denies the implied allegation that federal defendants have failed to comply with relevant environmental laws.

27.     The County lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 27 and on that basis denies, except that the County denies the implied allegation that federal defendants have failed to comply with relevant environmental laws.

28.     The County lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 28 and on that basis denies, except that the County denies the implied allegation that federal defendants have failed to comply with relevant environmental laws.

29.     The County lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 29 and on that basis denies,

except that the County denies the implied allegation that federal defendants have failed to comply with relevant environmental laws.

30.   The County lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 30 and on that basis denies.

31.   The allegations in the first two sentences of paragraph 31 constitute legal conclusions to which no response is required.  As to the third sentence, the County admits that the Forest Service prepared the EA and DN/FONSI, which documents speak for themselves and are the best evidence of their contents, but otherwise denies the remaining allegations in this paragraph.

32.   Admit.

33.   Admit.

34.   Admit.

35.   Admit.

36.   Admit.

## STATUTORY FRAMEWORK
*The National Environmental Policy Act*

37.   The allegations in this paragraph quote a NEPA implementing regulation, which speaks for itself and requires no response.

Page 7 – **RAVALLI COUNTY, MONTANA'S ANSWER TO AMENDED COMPLAINT**

38.     The allegations in this paragraph quote and characterize NEPA, which statute speaks for itself and requires no response.

39.     The allegations in this paragraph quote and characterize case law regarding NEPA, which case law speaks for itself and requires no response.  The allegations also constitute legal conclusions to which no response is required.

40.     The allegations in this paragraph quote and characterize NEPA, NEPA implementing regulations and case law regarding NEPA, all of which speak for themselves and require no response.  The allegations in this paragraph also constitute legal conclusions to which no response is required.

41.     The allegations in this paragraph characterize without attribution NEPA implementing regulations, which speak for themselves and require no response.  The allegations in this paragraph also constitute legal conclusions to which no response is required.

42.     The allegations in this paragraph quote and characterize NEPA, which statute speaks for itself and requires no response.

43.     The allegations in this paragraph quote and characterize NEPA implementing regulations and case law regarding NEPA, which speak for themselves and require no response.  The allegations in this paragraph also constitute legal conclusions to which no response is required.

44.     The allegations in this paragraph quote and characterize case law regarding NEPA, which case law speaks for itself and requires no response.  The allegations also constitute legal conclusions to which no response is required.

45.     The allegations in this paragraph quote and characterize NEPA and its implementing regulations, which speak for themselves and require no response. The allegations in this paragraph also constitute legal conclusions to which no response is required.

46.     The allegations in this paragraph quote and characterize NEPA, which statute speaks for itself and requires no response.

*The Administrative Procedure Act*

47.     The allegations in this paragraph characterize and quote the Administrative Procedure Act (APA), which statute speaks for itself and requires no response.

48.     The allegations in this paragraph characterize and quote the APA and case law regarding the APA, which speak for themselves and require no response. The allegations also constitute legal conclusions to which no response is required.

49.     The allegations in this paragraph quote case law regarding the APA, which speaks for itself and requires no response.

*The Endangered Species Act*

Page 9 – **RAVALLI COUNTY, MONTANA'S ANSWER TO AMENDED COMPLAINT**

50.     The allegations in this paragraph characterize and quote the Endangered Species Act (ESA), which statute speaks for itself and requires no response.

51.     The allegations in this paragraph characterize and quote the ESA, which statute speaks for itself and requires no response.

52.     The allegations in this paragraph characterize and quote the ESA, which statute speaks for itself and requires no response.

53.     The allegations in this paragraph characterize and quote an ESA implementing regulation, which speaks for itself and requires no response.

54.     The allegations in this paragraph characterize and quote the ESA, which statute speaks for itself and requires no response.

*National Forest Management Act*

55.     The allegations in this paragraph characterize the National Forest Management Act (NFMA), which statute speaks for itself and requires no response.  The allegations also constitute a legal conclusion to which no response is required.

56.     The allegations in the first sentence of this paragraph characterize and quote NFMA, which statute speaks for itself and requires no response.  The allegations in the second paragraph constitute plaintiffs' characterization of

Page 10 – **RAVALLI COUNTY, MONTANA'S ANSWER TO AMENDED COMPLAINT**

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

resource management plans under NFMA, to which no response is required, although the County admits that sometimes (not always) resource management plans under NFMA are called forest plans.

57.     The allegations in this paragraph characterize and quote a NFMA implementing regulation, which speaks for itself and requires no response.

58.     The allegations in the first sentence of this paragraph quote a NFMA implementing regulation, which speaks for itself and requires no response.  The allegations in the second sentence constitute plaintiffs' characterization of certain NFMA requirements, whether derived from the statute or its implementing regulations, which allegations require no response.  The allegations in the second sentence also constitute a legal conclusion to which no response is required.

59.     The allegations in this paragraph characterize and quote a NFMA implementing regulation, which speaks for itself and requires no response.

### STATEMENT OF FACTS
*Mud Creek Project*

60.     Admit.

61.     The allegations in this paragraph quote without attribution the EA, DN/FONSI or other NEPA document for the Mud Creek Project, which NEPA documents speak for themselves and require no response.

62.    The allegations in this paragraph quote without attribution the EA, DN/FONSI or other NEPA document for the Mud Creek Project, which NEPA documents speak for themselves and require no response.

63.    The allegations in this paragraph characterize and quote the EA, which speaks for itself, is the best evidence of its contents and requires no response.

64.    The allegations in this paragraph characterize and quote the EA, which speaks for itself, is the best evidence of its contents and requires no response.

65.    The allegations in this paragraph characterize and quote the EA, which speaks for itself, is the best evidence of its contents and requires no response.

66.    The County denies the allegations in this paragraph.  The paragraph also purports to quote the Forest Service, but it does so without attribution.  The County therefore lacks the knowledge and information sufficient to form a belief as to the truth of the alleged quotation, and on that basis denies, and also avers that to the extent the quotation is from a Project NEPA document, that NEPA document speaks for itself, is the best evidence of its contents and requires no response.

67.     The allegations in this paragraph quote without attribution the EA, DN/FONSI or other NEPA document for the Mud Creek Project, which NEPA documents speak for themselves and require no response.

68.     The County admits that the Project will employ condition-based management but otherwise denies the allegations in this paragraph.

69.     The allegations in this paragraph characterize (and quote in footnote 1) without attribution the EA, DN/FONSI or other NEPA document for the Mud Creek Project, which NEPA documents speak for themselves and require no response.  The allegations, including footnote 1, also constitute legal conclusions which require no response, although the County denies them.

70.     The allegations in this paragraph characterize and quote the EA, which speaks for itself, is the best evidence of its contents and requires no response.

71.     The allegations in this paragraph characterize the EA, which speaks for itself, is the best evidence of its contents and requires no response.

72.     The allegations in this paragraph characterize and quote the EA, which speaks for itself, is the best evidence of its contents and requires no response.

73.     The allegations in this paragraph characterize EA, which speaks for itself, is the best evidence of its contents and requires no response.

74.     The allegations in this paragraph characterize and quote the EA, which speaks for itself, is the best evidence of its contents and requires no response.

75.     The allegations in this paragraph characterize the Project EA, DN/FONSI or other Project NEPA documents, which speak for themselves, are the best evidence of their contents and require no response.

76.     The County admits that the Project will employ condition-based management but otherwise denies the allegations in this paragraph.

77.     Deny.

78.     Deny.

79.     Deny.

80.     The County admits that the whitebark pine, bull trout and bull trout critical habitat exist in the Project area but otherwise denies the allegations in this paragraph.

*Bitterroot National Forest and Forest Plan*

81.     The County incorporates by reference the federal defendants answer to the allegations in this paragraph.

82.     The County lacks the knowledge and information sufficient to form a belief as to the truth of the vague allegations in paragraph 82 and on that basis denies.

83.     The allegations in this paragraph are vague and ambiguous but the County does not deny that the Bitterroot National Forest offers visitors recreational opportunities.

84.     The allegations in this paragraph characterize and quote the Bitterroot National Forest Land and Resource Management Plan, which speaks for itself, is the best evidence of its content and requires no response.

85.     The allegations in this paragraph appear to quote without attribution the Bitterroot National Forest Land and Resource Management Plan, which speaks for itself, is the best evidence of its content and requires no response.

86.     The allegations in this paragraph appear to quote without attribution the Bitterroot National Forest Land and Resource Management Plan, which speaks for itself, is the best evidence of its content and requires no response.

87.     The allegations in this paragraph characterize and quote Project NEPA documents without identifying the source.  The Project NEPA documents speak for themselves, are the best evidence of their contents and require no response.

88.    The allegations in this paragraph purport to quote a Forest Service document, which document speaks for itself, is the best evidence of its content and requires no response.  The paragraph also constitutes legal conclusion, to which no response is required.

89.    The County lacks the knowledge and information sufficient to form a belief as to the truth of the vague allegations in paragraph 89 regarding certain maps and on that basis denies.

90.    The allegations in this paragraph characterize and quote case law, which speaks for itself and requires no response, and also constitute legal conclusions to which no response is required.

*Bitterroot National Forest Plan Amendments*

91.    The allegations in this paragraph characterize and quote the EA and DN/FONSI, which speak for themselves, are the best evidence of their contents and require no response.

*Old Growth*

92.    The County lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 92 and on that basis denies, while also noting that the allegations in this paragraph appear to be based on a

Project NEPA document that speaks for itself, is the best evidence of its content and requires no response.

93.     This paragraph quotes the Project "Vegetation Report," which NEPA document speaks for itself, is the best evidence of its content and requires no response.

94.     This paragraph characterizes and quotes the "1987 Bitterroot Forest Plan," which speaks for itself, is the best evidence of its content and requires no response. paragraph characterizes and quotes the "1987 Bitterroot Forest Plan," which speaks for itself, is the best evidence of its content and requires no response.

95.     This paragraph characterizes and quotes the "1987 Bitterroot Forest Plan," which speaks for itself, is the best evidence of its content and requires no response.

96.     This paragraph characterizes and quotes the "1987 Bitterroot Forest Plan," which speaks for itself, is the best evidence of its content and requires no response.

97.     This paragraph characterizes and quotes the 1987 Bitterroot Forest Plan without attribution, which document speaks for itself, is the best evidence of its content and requires no response.

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

98.    This paragraph characterizes and quotes the 1987 Bitterroot Forest Plan without attribution, which document speaks for itself, is the best evidence of its content and requires no response.

99.    This paragraph characterizes and quotes the 1987 Bitterroot Forest Plan without attribution, which document speaks for itself, is the best evidence of its content and requires no response.

100.   This paragraph characterizes and quotes the 1987 Bitterroot Forest Plan without attribution, which document speaks for itself, is the best evidence of its content and requires no response.

101.   This paragraph characterizes and quotes the 1987 Bitterroot Forest Plan without attribution, which document speaks for itself, is the best evidence of its content and requires no response.

102.   Deny.

103.   This paragraph characterizes and quotes the EA, which speaks for itself, is the best evidence of its content and requires no response.

104.   This paragraph characterizes and quotes the EA, which speaks for itself, is the best evidence of its content and requires no response.

105.   This paragraph characterizes and quotes the EA, which speaks for itself, is the best evidence of its content and requires no response.

Page 18 – **RAVALLI COUNTY, MONTANA'S ANSWER TO AMENDED COMPLAINT**

106.   Deny.

107.   This paragraph characterizes and quotes the EA, which speaks for itself, is the best evidence of its content and requires no response.

108.   This paragraph characterizes the EA, which speaks for itself, is the best evidence of its content and requires no response.

109.   The allegations in this paragraph characterize the NEPA documents for the Mud Creek Project, which documents speak for themselves, are the best evidence of their contents and require no response.

110.   The allegations in this paragraph characterize the NEPA documents for the Mud Creek Project, which documents speak for themselves, are the best evidence of their contents and require no response.

111.   The allegations in this paragraph characterize the NEPA documents for the Mud Creek Project, which documents speak for themselves, are the best evidence of their contents and require no response.

112.   The allegations in this paragraph characterize the NEPA documents for the Mud Creek Project, which documents speak for themselves, are the best evidence of their contents and require no response.

113.   Deny.

114.   Deny.

Page 19 – **RAVALLI COUNTY, MONTANA'S ANSWER TO AMENDED COMPLAINT**

*Bull Trout and Bull Trout Critical Habitat*

115.   Except for the allegations in the first sentence of this paragraph, which the County admits, the County lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies.  The allegations in this paragraph also appear to characterize the Mud Creek Project NEPA documents, which speak for themselves, are the best evidence of their contents and require no response.

116.   The County lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies. The allegations in this paragraph also appear to characterize the Mud Creek Project NEPA documents, which speak for themselves, are the best evidence of their contents and require no response.

117.   The County lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies. The allegations in this paragraph also appear to characterize the Mud Creek Project NEPA documents, which speak for themselves, are the best evidence of their contents and require no response.

118.   The County lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies.

The allegations in this paragraph also appear to characterize the Mud Creek Project NEPA documents, which speak for themselves, are the best evidence of their contents and require no response.

119.   The County lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies. The allegations in this paragraph also appear to characterize the Mud Creek Project NEPA documents, which speak for themselves, are the best evidence of their contents and require no response.

120.   The County lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies. The allegations in this paragraph also appear to characterize the Mud Creek Project NEPA documents, which speak for themselves, are the best evidence of their contents and require no response.

121.   The County lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies. The allegations in this paragraph also appear to characterize the Mud Creek Project NEPA documents, which speak for themselves, are the best evidence of their contents and require no response.

122.   The County lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies. The allegations in this paragraph also appear to characterize the Mud Creek Project NEPA documents, which speak for themselves, are the best evidence of their contents and require no response.

123.   The County lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies. The allegations in this paragraph also appear to characterize the Mud Creek Project NEPA documents, which speak for themselves, are the best evidence of their contents and require no response.

124.   The County lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies. The allegations in this paragraph also appear to characterize the Mud Creek Project NEPA documents, which speak for themselves, are the best evidence of their contents and require no response.

125.   Admit.

126.   The allegations in this paragraph characterize and refer to figures in a report referred to as the Conservation Report, which document speaks for itself, is the best evidence of its contents and requires no response.

127.   The allegations in this paragraph characterize and quote the Conservation Report, which document speaks for itself, is the best evidence of its contents and requires no response.

128.   The County lacks the knowledge and information sufficient to form a belief as to the truth of the vague and generic allegations in this paragraph and on that basis denies.  The allegations in this paragraph also appear to characterize the Mud Creek Project NEPA documents, which speak for themselves, are the best evidence of their contents and require no response.

129.   The allegations in this paragraph appear to characterize and quote the Mud Creek Project NEPA documents, which speak for themselves, are the best evidence of their contents and require no response.

130.   Deny.

131.   Deny.

132.   The County lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies. The allegations in this paragraph also appear to characterize the Mud Creek Project NEPA documents, or perhaps the Conservation Report (no attribution is given), which documents speak for themselves, are the best evidence of their contents and require no response.

Page 23 – **RAVALLI COUNTY, MONTANA'S ANSWER TO AMENDED COMPLAINT**

133.    The County lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies. The allegations in this paragraph also appear to characterize the Mud Creek Project NEPA documents, which speak for themselves, are the best evidence of their contents and require no response.

134.    The allegations in this paragraph characterize the Conservation Report, which document speaks for itself, is the best evidence of its contents and requires no response.

135.    Deny.

136.    The allegations in this paragraph appear to characterize the Biological Opinion for the bull trout, which document speaks for itself, is the best evidence of its contents and requires no response.

137.    The allegations in this paragraph characterize the Biological Opinion for the bull trout, which document speaks for itself, is the best evidence of its contents and requires no response.

138.    The allegations in this paragraph characterize and quote the Biological Opinion for the bull trout, which document speaks for itself, is the best evidence of its contents and requires no response.

139.    Deny.

Page 24 – **RAVALLI COUNTY, MONTANA'S ANSWER TO AMENDED COMPLAINT**

140.   Deny.

141.   Deny.

142.   Deny.

143.   Deny.

144.   The allegations in this paragraph characterize the Biological Opinion for the bull trout, which document speaks for itself, is the best evidence of its contents and requires no response.

145.   The allegations in this paragraph characterize the Mud Creek Project's "consultation documents," which presumably include the Biological Opinion for the bull trout, which documents speak for themselves, are the best evidence of their contents and require no response.  To the extent a response is required, the County denies the allegations in this paragraph, particularly the allegations in the last two sentences.  The allegations in the last two sentences also constitute legal conclusions, which require no response.

146.   The allegations in this paragraph quote the Mud Creek Project Biological Assessment, which document speaks for itself, is the best evidence of its contents and requires no response.

147.   The first and second sentences in this paragraph characterize certain historical monitoring reports (not for the Mud Creek Project) that speak for

themselves, are the best evidence of their contents and which require no response. The third sentence constitutes plaintiffs' characterization of the case, to which no response is required, although to the extent a response is required, the County denies the allegations.

148.   The County denies the allegations in the first, third and fourth sentences of this paragraph.  The allegations in the second sentence characterize and quote and ESA implementing regulation, which speaks for itself and requires no response.

149.   The allegations in this paragraph characterize the Biological Opinion for the bull trout, which document speaks for itself, is the best evidence of its contents and requires no response.  The allegations also constitute a legal conclusion, to which no response is required.

150.   The County lacks the knowledge and information sufficient to form a belief as to the truth of the vague and generic allegations in this paragraph and on that basis denies.  The allegations in this paragraph also appear to characterize the Mud Creek Project NEPA documents, which speak for themselves, are the best evidence of their contents and require no response.

151.   The allegations in this paragraph characterize an undisclosed "assessment of the interior Columbia Basin ecosystem," which document speaks for itself, is the best evidence of its contents and requires no response.

*Whitebark Pine*

152.   The allegations in this paragraph characterize the Mud Creek Project's Biological Assessment, the U.S. Fish and Wildlife Service's concurrence with same, and the U.S. Fish and Wildlife Service's listing of the whitebark pine as a threatened species, all of which speak for themselves, are the best evidence of their contents and require no response.

153.   The allegations in this paragraph refer to an unidentified U.S. Forest Service document, which speaks for itself, is the best evidence of its contents and requires no response.  The County also lacks the knowledge and information sufficient to form a belief as to the allegations in this paragraph and on that basis denies.

154.   The allegations in this paragraph characterize and quote one or more unidentified NEPA documents for the Mud Creek Project, all of which speak for themselves, are the best evidence of their contents and require no response.

155.    The allegations in this paragraph quote an unidentified NEPA document for the Mud Creek Project, all of which documents speak for themselves, are the best evidence of their contents and require no response.

156.    The allegations in this paragraph characterize and quote the Mud Creek Project EA, which speaks for itself, is the best evidence of its contents and requires no response.

157.    The allegations in this paragraph characterize and quote the listing decision for the whitebark pine, which speaks for itself, is the best evidence of its contents and requires no response.

158.    The allegations in the first sentence of this paragraph characterize the whitebark pine Biological Assessment, which speaks for itself, is the best evidence of its contents and requires no response.  The County denies the allegations in the second sentence of this paragraph.

159.    The allegations in this paragraph characterize and quote an unidentified U.S. Forest Service document for the Mud Creek Project, perhaps the whitebark pine Biological Assessment, which speaks for itself, is the best evidence of its contents and requires no response.

160.    The allegations in this paragraph characterize the whitebark pine

Biological Assessment, which speaks for itself, is the best evidence of its contents

and requires no response.

161.    Deny.

162.    The County denies the allegations in the second sentence of this

paragraph.  The allegations in the first sentence constitute plaintiffs'

characterization of the case, to which no response is required.

*Climate Impacts*

163.    The allegations in this paragraph characterize certain U.S. Forest

Service "climate impacts reports," which documents speak for themselves, are the

best evidence of their contents and require no response.

164.    The allegations in this paragraph characterize and quote an

unidentified U.S. Forest Service document, perhaps a NEPA document for the

Mud Creek Project, all of which documents speak for themselves, are the best

evidence of their contents and require no response.

165.    The allegations in this paragraph characterize and quote an

unidentified U.S. Forest Service document, perhaps a NEPA document for the

Mud Creek Project, all of which documents speak for themselves, are the best

evidence of their contents and require no response.

Page 29 – **RAVALLI COUNTY, MONTANA'S ANSWER TO AMENDED COMPLAINT**

166.   The allegations in this paragraph characterize and quote an unidentified U.S. Forest Service document, perhaps a NEPA document for the Mud Creek Project, all of which documents speak for themselves, are the best evidence of their contents and require no response.  The County also cannot discern the meaning of the allegations in the first paragraph, particularly the intent meant to be conveyed by the inclusion of the word "small," on which basis the County denies that allegation.

167.   The allegations in this paragraph characterize and quote an unidentified U.S. Forest Service document, perhaps a NEPA document for the Mud Creek Project, all of which documents speak for themselves, are the best evidence of their contents and require no response.

168.   The allegations in this paragraph characterize and quote an unidentified U.S. Forest Service document, perhaps a NEPA document for the Mud Creek Project, all of which documents speak for themselves, are the best evidence of their contents and require no response.

*Whitebark pine reinitiated consultation*

169.   The County admits the U.S. Forest Service reinitiated consultation with the U.S. Fish and Wildlife Service under the ESA regarding potential Project effects on the whitebark pine.  But the remainder of this paragraph purports to

quote an unidentified source, about which the County lacks the knowledge and information sufficient to form a belief as to the truth of the allegations, which it therefore denies.  The County further avers that the reinitiated consultation concluded with the issuance of a biological opinion.

170.   The County admits that the U.S. Fish and Wildlife Service issued a whitebark pine Biological Opinion on March 21, 2024, which document speaks for itself, is the best evidence of its contents and requires no response.  The County also admits that plaintiffs sent a sixty-day notice to sue letter dated June 26, 2024 to federal defendants, which document speaks for itself, is the best evidence of its contents and requires no response.  Otherwise the County lacks the knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 170 and on that basis denies.

171.   Admit, except that plaintiffs' quotation from the unidentified referenced document is not completely accurate, and the County further avers that the referenced document speaks for itself, is the best evidence of its contents and requires no response.  To the extent the allegations in paragraph 171 are inconsistent with the referenced document, the County denies plaintiffs' allegations.

172.   Admit, except that plaintiffs' quotation from the unidentified referenced document is not completely accurate, and the County further avers that the referenced document speaks for itself, is the best evidence of its contents and requires no response.

173.   Admit.

174.   The allegations in this paragraph characterize and quote the revised Biological Opinion for whitebark pine, which document speaks for itself, is the best evidence of its contents and requires no response.

175.   The allegations in this paragraph characterize and quote the revised Biological Opinion for whitebark pine, which document speaks for itself, is the best evidence of its contents and requires no response.

## FIRST CLAIM FOR RELIEF

*USFS's failure to disclose and consider all environmental impacts of the Project, as well as its failure to provide support for a change in position, is arbitrary, capricious, and contrary to law, in violation of NEPA and the APA*

176.   The County realleges and incorporates by reference all preceding paragraphs as if set forth fully herein.

177.   The allegations in this paragraph characterize certain NEPA implementing regulations, which speak for themselves and require no response.

178.   The allegations in this paragraph characterize and quote case law on the topic of NEPA, which judicial decision speaks for itself and requires no response.

179.   The allegations in this paragraph purport to characterize NEPA, which statute, along with its implementing regulations, speaks for itself, is the best evidence of its contents and requires no response.

180.   Deny.

181.   The allegations in this paragraph characterize and quote the Mud Creek Project EA, which speaks for itself, is the best evidence of its contents and requires no response.

182.   The allegations in this paragraph characterize and quote the Mud Creek Project EA, which speaks for itself, is the best evidence of its contents and requires no response.

183.   Deny.

## SECOND CLAIM FOR RELIEF

*USFS's failure to prepare an environmental impact statement violates NEPA, NFMA, and the APA.*

184.   The County realleges and incorporates by reference all preceding paragraphs as if set forth fully herein.

185.    The allegations in this paragraph characterize NEPA, which statute speaks for itself, is the best evidence of its contents and requires no response.

186.    The allegations in this paragraph characterize and quote NEPA, reference a judicial decision, which statute and decision speak for themselves, are the best evidence of their contents and require no response.

187.    The allegations in this paragraph characterize and quote a NEPA implementing regulation, which speaks for itself, is the best evidence of its contents and requires no response.

188.    Deny.

189.    The allegations in the first sentence of this paragraph characterize NEPA, which speaks for itself, is the best evidence of its contents and requires no response.  The County denies the allegations in the second sentence.  The allegations in the third sentence constitute plaintiffs' legal conclusion, which requires no response.  The County also notes that the allegation in the third sentence is irrelevant because County further avers the consultation has concluded with the issuance of a biological opinion.

190.    The allegations in this paragraph characterize and quote the Mud Creek Project DN/FONSI, which speaks for itself, is the best evidence of its contents and requires no response

Page 34 – **RAVALLI COUNTY, MONTANA'S ANSWER TO AMENDED COMPLAINT**

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

191.   Deny.

192.   This paragraph quotes a NFMA implementing regulation, which speaks for itself, is the best evidence of its contents and requires no response.

193.   The allegations in this paragraph characterize and quote certain judicial decisions, which decisions speak for themselves, are the best evidence of their contents and require no response.

194.   Deny.

195.   Deny.

## THIRD CLAIM FOR RELIEF

*The Forest Service's failure to use the Forest Plan definition of old growth, and consequential failures to demonstrate compliance with the Forest Plan old growth standard for retention and viability, violate NFMA, NEPA, and the APA.*

196.   The County realleges and incorporates by reference all preceding paragraphs as if set forth fully herein.

197.   The allegations in this paragraph characterize the Forest Plan, which speaks for itself, is the best evidence of its contents and requires no response.

198.   Deny.

199.   Deny.

Page 35 – **RAVALLI COUNTY, MONTANA'S ANSWER TO AMENDED COMPLAINT**

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

200.   The allegations in this paragraph purport to characterize unidentified NEPA documents for the Mud Creek Project, which documents speak for themselves, are the best evidence of their contents and require no response.

201.   Deny.

202.   Deny.

203.   Deny.

## FOURTH CLAIM FOR RELIEF
*USFS violated NEPA when it failed to take a hard look at climate impacts.*

204.   The County realleges and incorporates by reference all preceding paragraphs as if set forth fully herein.

205.   The allegations in this paragraph characterize NEPA and its implementing regulations, which speak for themselves, are the best evidence of their contents and require no response.

206.   Deny.

207.   Deny.

208.   Deny.

## FIFTH CLAIM FOR RELIEF
*USFS's failure to disclose and take a hard look at impacts to bull trout, including from climate change and additional sedimentation from off-road vehicles, as well as FWS's reliance on the same failures in creating its incidental take statement, are arbitrary, capricious, and contrary to law, which violates the ESA.*

Page 36 – **RAVALLI COUNTY, MONTANA'S ANSWER TO AMENDED COMPLAINT**

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

209.   The County realleges and incorporates by reference all preceding paragraphs as if set forth fully herein.

210.   The allegations in this paragraph constitute plaintiffs' characterization of their legal claim, to which no response is required.

211.   The allegations in this paragraph characterize the ESA, which statute speaks for itself and requires no response.

212.   The allegations in this paragraph characterize and quote the ESA, which statute speaks for itself and requires no response.

213.   Deny.

214.   Deny.

215.   The allegations in this paragraph characterize and quote the bull trout Biological Opinion, which speaks for itself, is the best evidence of its contents and requires no response.

216.   The allegations in this paragraph characterize and quote Mud Creek Project NEPA documents and the bull trout Biological Opinion, or other unidentified agency documents, all of which speak for themselves, are the best evidence of their contents and require no response.

217.   Deny.

218.   The allegations in this paragraph characterize without specific attribution the Mud Creek Project NEPA documents and the U.S. Fish and Wildlife Service ESA consultation documents, all of which speak for themselves, are the best evidence of their contents and require no response.

219.   Deny.

220.   Deny.

## SIXTH CLAIM FOR RELIEF

*USFS's failure to complete consultation prior to commencing action on the Project and consider all impacts to white bark pine, including from climate change, violate the ESA.*

221.   The County realleges and incorporates by reference all preceding paragraphs as if set forth fully herein.

222.   The allegations in this paragraph constitute plaintiffs' characterization of their legal claim, to which no response is required.

223.   The allegations in this paragraph characterize the ESA, which statute speaks for itself and requires no response.

224.   The allegations in this paragraph characterize and quote the ESA, which statute speaks for itself and requires no response.

225.   The allegations in this paragraph characterize the ESA, which statute speaks for itself and requires no response.

226.   The County admits that the U.S. Forest Service and U.S. Fish and Wildlife Service reinitiated consultation on the whitebark pine, which consultation since has concluded with the issuance of a Biological Opinion.  The County otherwise denies any allegations in this paragraph that are inconsistent with the whitebark pine consultation documents or any agency documents referred to or quoted without identification, all of which agency documents speak for themselves, are the best evidence of their contents and require no response.

227.   Deny.

228.   Deny.

229.   Deny.

## SEVENTH CLAIM FOR RELIEF

*USFS's inadequate consultation with FWS, and the BiOp produced therefrom, with its failure to disclose and consider all impacts to white bark pine, including from climate change, violate the ESA.*

230.   The County realleges and incorporates by reference all preceding paragraphs as if set forth fully herein.

231.   The allegations in this paragraph constitute plaintiffs' characterization of their legal claim, to which no response is required.

232.   The allegations in this paragraph characterize the ESA, which statute speaks for itself and requires no response.

Page 39 – **RAVALLI COUNTY, MONTANA'S ANSWER TO AMENDED COMPLAINT**

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

233.   The allegations in this paragraph characterize the ESA, which statute speaks for itself and requires no response.

234.   The allegations in this paragraph characterize the ESA, which statute speaks for itself and requires no response.

235.   The allegations in this paragraph characterize the ESA, which statute speaks for itself and requires no response.

236.   The allegations in this paragraph characterize the ESA, which statute speaks for itself and requires no response.

237.   Deny.

238.   The allegations in this paragraph characterize and quote caselaw interpreting ESA obligations, which judicial decision speaks for itself, is the best evidence of its contents and requires no response.  The allegations in this paragraph also constitute legal conclusions to which no response is required.

239.   The allegations in this paragraph characterize and quote the revised Biological Opinion for whitebark pine, which document speaks for itself, is the best evidence of its contents and requires no response.  To the extent a response is required, the County denies.

240.   The allegations in this paragraph constitute plaintiffs' characterization of their legal claim, to which no response is required, and the allegations also

appear to characterize the revised Biological Opinion for whitebark pine, which document speaks for itself, is the best evidence of its contents and requires no response.  To the extent a response is required, the County denies the allegations in this paragraph.

241.   The allegations in this paragraph constitute plaintiffs' characterization of their legal claim, to which no response is required.  To the extent a response is required, the County denies.

242.   The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

243.   The allegations in this paragraph characterize and quote the revised Biological Opinion for whitebark pine, which document speaks for itself, is the best evidence of its contents and requires no response.

244.   The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, deny.

245.   The County denies the allegations in this paragraph.  Additionally, the allegations in this paragraph constitute plaintiffs' characterization of their legal claim, to which no response is required.

246.    The allegations in this paragraph constitute plaintiffs' characterization of their legal claim, to which no response is required.  To the extent a response is required, the County denies the allegations.

247.    The allegations in this paragraph characterize and quote the revised Biological Opinion for whitebark pine, which document speaks for itself, is the best evidence of its contents and requires no response, and the allegations also constitute plaintiffs' characterization of their legal claim, to which no response is required.  To the extent a response is required, the County denies the allegations in the second sentence of this paragraph.

248.    The County denies the allegations in this paragraph, although the allegations appear to characterize the revised Biological Opinion for whitebark pine, which document speaks for itself, is the best evidence of its contents and requires no response.

249.    The County denies the allegations in the first sentence of this paragraph.  The allegations in the second (incomplete) sentence of this paragraph appear to characterize and quote an unidentified agency document, which document speaks for itself, is the best evidence of its contents and requires no response.  The allegations in the third sentence constitute plaintiffs'

Page 42 – **RAVALLI COUNTY, MONTANA'S
ANSWER TO AMENDED COMPLAINT**

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

characterization of their legal claim, to which no response is required, though to the extent a response is required, the County denies the allegations.

250.   The allegations in this paragraph characterize information that is purportedly in the Forest Service's possession without citing to any agency document for support.  The County lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies.

251.   The allegations in this paragraph appear to characterize the revised Biological Opinion for whitebark pine, which document speaks for itself, is the best evidence of its contents and requires no response, although the County notes that the Forest Service was not the author of that revised Biological Opinion.

252.   This paragraph quotes a Ninth Circuit decision, which judicial decision speaks for itself, is the best evidence of its contents and requires no response.

253.   The allegations in the first two sentences of this paragraph appear to refer to and characterize the Forest Service's 2012 document titled, "A range-wide restoration strategy for whitebark pine (*Pinus albicaulis*)," which document speaks for itself, is the best evidence of its contents and requires no response.  The County denies the allegations in the third sentence of this paragraph, while also noting that

the allegations constitute plaintiffs' characterization of their legal claim, to which no response is required.

254. Deny. The County also avers that the revised Biological Opinion for whitebark pine referenced in this paragraph was not issued by the Forest Service.

255. Deny.

256. The allegations in the first sentence of this paragraph constitute legal conclusions, and they also constitute plaintiffs' characterization of their legal claim, to which no response is required. The County denies the remainder of the allegations in this paragraph.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Amended Complaint constitutes plaintiffs' request for relief, to which no response is required. To the extent a response is required, the County denies plaintiffs are entitled to the relief requested or to any relief whatsoever. The County denies any allegations in the Plaintiffs' Amended Complaint, whether express or implied, not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

The County raises the following affirmative defenses while reserving the right to raise additional affirmative defenses during the course of this litigation:

Page 44 – **RAVALLI COUNTY, MONTANA'S ANSWER TO AMENDED COMPLAINT**

1.      Plaintiffs have failed to state a claim upon which relief can be granted on some or all of the issues raised in Plaintiffs' Complaint.

2.      Plaintiffs failed to exhaust their administrative remedies with regards to one or more of their claims.

3.      One or more of plaintiffs' claims is moot.

4.      Plaintiffs failed to comply with the ESA's notice requirement, see 16 U.S.C. § 1540(g)(2)(A)(i), with regards to one or more of their ESA claims, which are therefore barred.

WHEREFORE, the County prays that the Complaint be dismissed with prejudice.

Dated this 7th day of October, 2024.

/s/ Julie A. Weis
Julie A. Weis (admitted *pro hac vice*)
Christopher T. Griffith (admitted *pro hac vice*)
Haglund Kelley LLP
2177 SW Broadway
Portland, Oregon 97201
(503) 225-0777
jweis@hk-law.com
cgriffith@hk-law.com

Bill Fulbright, Ravalli County Attorney
205 Bedford St, Suite C
Hamilton, MT  59804
(406) 375-6750

Page 45 – **RAVALLI COUNTY, MONTANA'S
ANSWER TO AMENDED COMPLAINT**

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW Broadway
PORTLAND, OR 97201

bfulbright@rc.mt.gov

*Attorneys for Defendant-Intervenor Ravalli County, Montana*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of October, 2024, I caused to be served a true and correct copy of the foregoing document, via CM/ECF on:

Clerk of U.S. District Court

Rachel Glenn Inabnit
Law Office of Rachel Inabnit, PLLC
P.O. Box 8846
Missoula, MT 59087
rachel@inabnitlawoffice.com

Jessica Christy
Christy Law LLCS
2055 South Oneida St., Suite 394
Denver, CO 80224
jessica@christylaw.legal

*Attorneys for Plaintiffs*

Shaun M. Pettigrew
U.S. DEPARTMENT OF JUSTICE –
E.N.R.D. ENVIRONMENT & NATURAL RESOURCES DIVISION
C/O NOAA, Damage Assessment
7600 Sand Point Way, NE
Seattle, WA 98115
shaun.pettigrew@usdoj.gov

Joseph W. Crusham
U.S. DEPARTMENT OF JUSTICE –
E.N.R.D.  WILDLIFE AND MARINE RESOURCES SECTION
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
joseph.crusham@usdoj.gov

*Attorneys for Federal Defendants*

By:  /s/ Julie A. Weis

**CERTIFICATE OF SERVICE**